Sadie Barela **HERNANDEZ, Plaintiff,**

v.

**WATSON BROS. TRANSPORTATION
CO., Inc., and Homer Lee
Oldfield, Defendants.**

Civ. No. 6031.

United States District Court
D. Colorado.

Sept. 25, 1958.

Harry K. Nier, Jr., Denver, Colo., for plaintiff.

Myron H. Burnett, Denver, Colo., for defendants.

ARRAJ, District Judge.

This is a wrongful death action which was removed from the District Court for Arapahoe County, Colorado. The petition for removal states that the plaintiff is a resident and citizen of Colorado, that defendant Watson Bros. Transportation Co. is a resident and citizen of Nebraska, and Homer Lee Oldfield is a resident of California. A later paragraph in the petition states,

> "This is an action brought by citizen of the State of Colorado against a citizen of the State of Nebraska and a citizen of the State of California, and is therefore a suit or controversy which is wholly between the citizens of different States and a suit in which the District Court of the United States in and for the District of Colorado would have original jurisdiction and

is therefore removable to said Court."

Plaintiff promptly filed her motion to remand the cause to the State Court and upon the hearing of that motion, the Court held that diversity was sufficiently alleged as to the defendant Oldfield, and took under advisement the question whether defendant was entitled to amend to properly allege diversity of citizenship concerning the corporate defendant.

■■ First, it is clear that the allegation that a corporation is a citizen of a particular state, without more, is insufficient; it should also contain the statement that it was incorporated under the laws of a particular state. See Thomas v. Board of Trustees of Ohio State University, 1904, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160, and cases cited in Note 96 to 28 U.S.C.A. Sec. 1446.

Prior to 1948, 28 U.S.C.A. Sec. 399 provided that,

"Where, in any suit brought in or removed from any State Court to any district of the United States, the jurisdiction of the district court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was brought or removed, though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit, or, if it be a removed case, in the petition for removal. (Mar. 3, 1915, c. 90, 38 Stat. 956.)"

This Section was generally interpreted to permit defendant to amend his removal petition to properly allege citizenship and diversity where such diverse citizenship in fact existed. Weber v. Wittmer Co., D.C.N.Y.1935, 12 F.Supp. 884; Western Mutual Fire Insurance Co. v. Lamson Bros. & Co., D.C.Iowa 1941, 42 F.Supp. 1007; Beneficial Industrial Loan Corp. v. Kline, D.C.Iowa 1941, 41 F.Supp. 854; Northern Trust Co. v. Anderson, D.C.Iowa 1933, 5 F.Supp. 390; Van Sant v. American Express Co., 3 Cir., 1948, 169 F.2d 355.

The present version of the above quoted statute reads as follows:

"§ 1653. Amendment of pleadings to show jurisdiction. Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. June 25, 1948, c. 646, 62 Stat. 944."

Standing alone, this section, it seems, would apply to a petition for removal as well as to a complaint. Only the title appears to limit it to pleadings. However, in Section 33 of the Act of June 25, 1948, being part of the miscellaneous provisions of the revision of Title 28, which is Section 1 of that Act, it is provided that,

"*No inference of a legislative construction is to be drawn* by reason of the chapter in Title 28, Judiciary and Judicial Procedure, as set out in section 1 of this Act, in which any any [sic] section is placed, nor *by reason of the catchlines used in such title.*" (Emphasis supplied.)

This Court has been unable to find any reported case wherein this section (1653) has been applied to a removal petition. It is noted, however, that the Revisor's Note to the section reads as follows,

"Based on Title 28 U.S.C., 1940 ed., Sec. 399, Mar. 3, 1911, c. 231, § 274c, as added Mar. 3, 1915, c. 90, 38 Stat. 956.

"Section was extended to permit amendment of all jurisdictional allegations instead of merely allegations of diversity of citizenship as provided by said section.

"Changes were made in phraseology. 80th Congress House Report No. 308."

And in 3 Moore's Federal Practice 837-838 (Para. 15.09), it is said that,

"The new section does not eliminate any right of amendment existing under the former statute, but instead it broadens the statutory authorization to permit amendment of all jurisdictional allegations instead of merely allegations of diversity of citizenship as provided by its predecessor, former Section 399."

See also 45 Am.Jur. Sec. 218 (Rem of C. p. 961) to the same effect.

Therefore, it is our opinion that Section 1653 of Title 28 U.S.C.A., is applicable to a petition for removal.

■ The present rule apparently is that the petition can be freely amended until the time passes when removal could have been effected, but that after that time it can be amended only to state more specifically the ground for removal already imperfectly stated.

In 76 C.J.S. Removal of Causes § 300, p. 1143, it is stated,

"Amendment of petition for removal. Where the jurisdictional grounds for removal are correctly stated, matters of form or technical defects in the petition for removal may be amended in connection with the determination of an application to remand. An amendment may be allowed to permit the making of a more perfect statement of the ground for removal alleged in the first instance, or to permit the showing of diversity of citizenship, or the correction of irregular matters relating to venue."

Two cases in this Court, concerning the right to amend a removal petition—each reaching a different result—were brought to the Court's attention. However, the opposite rulings on the motion to amend in those cases can be readily reconciled.

In Good v. Nutting, Civil #5487, now pending in this Court, the petition for removal alleged residence only. Defendant moved to amend to allege citizenship too. This motion was based on the grounds that diversity of citizenship in fact existed at the time of the removal but was defectively alleged and that the amendment would cause no injustice or delay. The motion to amend was granted by Judge Breitenstein without opinion.

In White v. Sullivan, D.C.Colo.1952, 107 F.Supp. 959, the petition alleged plaintiff's citizenship but not the defendant's. Defendant wanted to amend. Judge Knous, in his opinion, said,

"Under this section (28 U.S.C.A. Sec. 1446) and its predecessors, which also imposed a strict time limit on removal of clauses from state to federal courts, it consistently has been held that a petition for removal may not be amended to supply jurisdictional averments that had been lacking, after the time in which removal could be effected had terminated. (Citing cases) None of the authorities cited by the defendant contravenes this rule. True, amendments have been permitted to set forth in more accurate and specific form the ground of removal already imperfectly stated and alleged in the original petition. Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103. Such obviously is not the situation here."

Therefore, the motion to amend the petition for removal was denied.

Both cases support the rule above stated that the petition may be amended to state more specifically and correctly the ground for jurisdiction already stated, although defectively. In Good v. Nutting, the jurisdictional grounds were alleged, although imperfectly, and the amendment merely corrected that defect. In White v. Sullivan no jurisdictional grounds were alleged, and therefore the petition could not be corrected by amendment.

■■ In the case at bar, it is noted that the petition specifically refers to the defendant corporation as a citizen of Nebraska, and that although such an allegation, in itself, is not sufficient, it does state the jurisdictional grounds for removal, as does another paragraph

in the same petition. As determined in Updike v. West, 10 Cir., 1949, 172 F.2d 663, certiorari denied 337 U.S. 908, 69 S.Ct. 1050, 93 L.Ed. 1720 when the allegations of the petition for removal are not challenged on the motion to remand, they are to be taken as true. Here the jurisdictional averments are stated, even though imperfectly, and the amendment should be permitted.

It is therefore Ordered that defendant's motion to amend petition for removal be granted and that the tendered amendment be filed.

It is also Ordered that plaintiff's motion to remand be, and the same hereby is, denied.