**Rosemary PARK, as Administratrix of the Estate of Robert E. Park, Deceased, Plaintiff,**

v.

**Verlynn L. HOPKINS, and Holland Motor Express, Inc., Defendants.**

**No. IP 59-C-191.**

United States District Court
S. D. Indiana,
Indianapolis Division.

Jan. 11, 1960.

Grant Rogers, Franklin, Ind., for plaintiff.

Murray, Mannon, Fairchild & Stewart, by James J. Stewart, Indianapolis, Ind., for defendants.

STECKLER, Chief Judge.

This is a wrongful death action originally filed in the Circuit Court of Johnson County, Indiana, and removed to this court by the defendants. The petition for removal recites the following jurisdictional facts:

"* * * all of the parties defendant to said action are citizens of the State of Michigan, whereas the party plaintiff to said action is a citizen of the State of Indiana, and there is, therefore, diversity of citizenship between the parties plaintiff and defendant and the matter in controversy exceeds exclusive of

interest and costs the sum of $10,-000.00."

Plaintiff filed a motion to remand the cause to the Johnson Circuit Court since neither the complaint nor the petition for removal state the location of the principal place of business of the defendant Holland Motor Express, Inc. See Title 28 U.S.C. § 1332(c). Thereupon the defendants filed an affidavit of one Charles Cooper, the president of Holland Motor Express, Inc., in which the affiant states, in part:

"That said corporation [Holland Motor Express, Inc.] was incorporated under the laws of the State of Michigan and its home office and principal place of business is now and has been since incorporation in the City of Holland, State of Michigan and not in Indianapolis, Indiana."

This affidavit was filed subsequent to the expiration of twenty days after the receipt of a copy of the initial pleading by the defendants. See Title 28 U.S.C. § 1446(b).

In an entry dated August 28, 1959, the court overruled plaintiff's motion to remand, since sufficient facts to properly invoke federal jurisdiction were then in the record before the court. See Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 2 Cir., 1956, 234 F.2d 253, 258, note 6; Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815.

On September 10, 1959, plaintiff filed a motion urging the court to reconsider its ruling of August 28th in view of the contrary holding of Browne v. Hartford Fire Ins. Co., D.C.N.D.Ill.1959, 168 F.Supp. 796, 800. In the Browne case, Judge Campbell held that a petition for removal which failed to set out the principal place of business of a corporate defendant was fatally defective, and furthermore, that such petition could not be amended subsequent to the expiration of the twenty-day period provided in § 1446(b), because:

"There is no pleading of the required facts at all. This is not an attempt to cure a defect but to make an entirely new allegation. * * * [T]he amendment must do no more than set forth in proper form what has been previously imperfectly stated in the petition for removal."

I agree that § 1332(c) now requires corporate litigants to plead and prove principal place of business in order to invoke the diversity jurisdiction of federal courts. However, the denial of a right to amend to show that proper jurisdictional facts do exist seems overly harsh. Title 28 U.S.C. § 1653 states:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

It has been held that this section applies to removal petitions as well as to complaints. McGuigan v. Roberts, D.C.S.D.N.Y.1959, 170 F.Supp. 372; Hernandez v. Watson Bros. Transportation Co., D.C.Colo.1958, 165 F.Supp. 720. In Hernandez, supra, the removal petition of a corporate defendant failed to allege that it was incorporated under the laws of Nebraska, but merely stated that it was a citizen of Nebraska. The court held that the petition was insufficient, but that an amendment should be permitted. "In the case at bar, it is noted that the petition specifically refers to the defendant corporation as a citizen of Nebraska, and that although such an allegation, in itself, is not sufficient, it does state the jurisdictional grounds for removal * * *." 165 F.Supp. at page 722. In Weber v. Wittmer Co., D.C.W.D.N.Y.1935, 12 F.Supp. 884, a motion to amend a petition for removal to show diversity of citizenship was granted where the original petition contained no allegation of diversity. See also Kaufman v. Western Union Telegraph Co., 5 Cir., 1955, 224 F.2d 723; Chicago Stadium Corp. v. State of Indiana, 7 Cir., 1955, 220 F.2d 797; Stern v. Beer, 6 Cir., 1952, 200 F.2d 794.

In the instant case, the original petition stated that the defendants were citizens of Michigan, that diversity of citizenship existed between the parties, and that this court would have had original jurisdiction over the action pur-

suant to Title 28 U.S.C. § 1332. The allegations of jurisdiction were thus defective, but not totally absent, and may be amended pursuant to § 1653. The court will consider the affidavit of Charles Cooper as sufficient to supply the missing allegations of fact.

Accordingly, the plaintiff's motion to reconsider is overruled.