**F & L DRUG CORPORATION**

v.

**AMERICAN CENTRAL INSURANCE COMPANY.**

**Civ. No. 7644.**

United States District Court
D. Connecticut.
Dec. 15, 1961.

Schatz & Schatz, By Walter B. Schatz, Hartford, Conn., for plaintiff.

Gross, Hyde & Williams, by Robert E. Pritchard, Hartford, Conn., for defendant.

BLUMENFELD, District Judge.

The defendant caused this case to be removed from the state Superior Court for Hartford County by petition filed here January 29, 1959. A reading of the petition and the state court complaint filed with it discloses only that the plaintiff corporation is incorporated in and does business in Connecticut and that the defendant corporation is licensed under the laws of Missouri and is licensed and qualified to do business in Connecticut. Upon noting this state of the record when a motion relating to discovery matters was scheduled for hearing, the court indicated that the case would be remanded to the state court for lack of jurisdiction here.

The request of defendant for an opportunity to file a brief on the question of jurisdiction was granted and the defendant has now filed a motion for permission to amend its petition for removal. The removal petition purports to be based upon diversity of jurisdiction.

Under 28 U.S.C.A. § 1332(c).[1] which applies to actions begun after July 25, 1958 a corporation for diversity purposes "shall be deemed a citizen of any State

1. 28 U.S.C.A. § 1332(c): "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

by which it has been incorporated and of the State where it has its principal place of business." The petition does not allege either where the plaintiff corporation or the defendant corporation "has its principal place of business."

■ There has been no sufficient alllegation of the diversity of citizenship required by 28 U.S.C.A. § 1332(c). In the absence of facts in the record upon which diversity jurisdiction can rest, this court has no jurisdiction. Browne v. Hartford Fire Insurance Co. (D.C.N.D. Ill.E.D.1959), 168 F.Supp. 796, held that the failure to allege principal place of business in accord with the requirements of 28 U.S.C.A. § 1332(c), as amended in 1958, constituted a total failure to allege the required facts which would invest a federal court with jurisdiction. A like result has been reached in several other districts. Roseberry v. Fredell (D.C.E.D. Ky.1959), 174 F.Supp. 937; Washington-East Washington Joint Authority v. Roberts & Schaefer Co. (D.C.W.D.Pa.1960), 180 F.Supp. 15; Adams v. Ralph L. Smith Lumber Co. (D.C.N.D.Cal.N.D. 1960), 181 F.Supp. 729; Brandt v. Bay City Super Market (D.C.N.D.Cal.N.D. 1960), 182 F.Supp. 937; Gobet v. Intercontinental Hotels Corp. (D.C.P.R.1960), 184 F.Supp. 171. The same result would have been reached in Harris Trustee v. Standard Accident Insurance Co., 2 Cir., 1961, 297 F.2d 627, but for the existence of independent grounds of jurisdiction.

■ The defendant now seeks permission to amend its petition for removal by adding a further allegation setting forth the principal place of business of the defendant. 28 U.S.C.A. § 1446 [2] requires

the petition to be filed within the requisite twenty day period. Consequently, Browne v. Hartford Fire Insurance Co. (supra) would not allow an amendment after the expiration of the twenty days allowed for removal under 28 U.S.C.A. § 1446(b), holding this would not be curing mere defect but rather making an entirely new allegation.

Washington-East Washington Joint Authority v. Roberts & Schaefer Co. (supra) in holding that the defect could not be cured by amendment in its court quoted from the opinion in Jackson v. Allen, 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249:

"It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518 [32 L.Ed. 914]. This being so, the defect cannot be cured by amendment. Crehore v. Ohio & Mississippi Railroad Co., 131 U.S. 240, 9 S.Ct. 692 [33 L.Ed. 144]." [180 F.Supp. 16.]

The defendant nevertheless argues that permission to amend should be granted under 28 U.S.C.A. § 1653 which reads:

"*Amendment of pleadings to show jurisdiction.* Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. June 25, 1948, c. 646, 62 Stat. 944."

and cites the contra decisions of Firemen's Insurance Co. of Newark, N. J. v. Robbins Coal Co. (5 Cir., 1961), 288 F.2d

---

2. 28 U.S.C.A. § 1446 "(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleadings has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

349, and Park v. Hopkins (D.C.S.D.Ind. 1960), 179 F.Supp. 671.

The decisions in both Park and Robbins in holding that a petition for removal might be amended rested upon the authority of Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903). But Kinney v. Columbia (supra) did not go so far. It did allow amendment of mere technical defects in the allegations of a removal petition after a lapse of more than twenty days. Indeed that has been permitted in this district.[3] The boundary adverted to by Kinney has been described in Southern Pacific Co. v. Stewart, 245 U.S. 359, at p. 363, 38 S.Ct. 130, at p. 131, 62 L.Ed. 345 (1917) where the court stated:

> "Amendments have been permitted so as to make the allegations more accurate and certain when the amendment is intended to set forth in proper form the ground for removal already imperfectly stated. Kinney v. Columbia Savings, etc., [& Loan] Ass'n, 191 U.S. 78 [24 S.Ct. 30, 48 L.Ed. 103]."

28 U.S.C.A. § 1446(a) requires "a verified petition containing a short and plain statement *of the facts* which entitle him * * * to removal * * *." [Italics added.] While the analogies of pleadings need not be carried so far as to disregard the plain mandate of the statute they do cast some light upon the niceties which the defendant raises here. If this lawsuit had been originally brought to this court by the plaintiff, Rule 8(a) F.R.Civ.P., 28 U.S.C.A., would have required his complaint to contain inter alia, "* * * (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *."

Any doubt about the interpretation of § 1332, as amended, was finally laid to rest when the Supreme Court of the United States on April 17, 1961, adopted Amendments to Rules of Civil Procedure for the United States District Court. These included amendments to the Forms under Rule 84, F.R.Civ.P. Form 2, Allegation of Jurisdiction, set forth at p. 3, was amended to embrace the new definition of corporate citizenship. The Explanatory Notes at page 4 state:

> "1. Diversity of Citizenship. U. S.C., Title 28, § 1332 (Diversity of citizenship; amount in controversy; costs), as amended by PL 85–554, 72 Stat. 415, July 25, 1958, states in subsection (c) that 'For the purposes of this section and section 1441 of this title [removable actions], a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' Thus if the defendant corporation in Form 2(a) had its principal place of business in Connecticut, diversity of citizenship would not exist. *An allegation regarding the principal place of business of each corporate party must be made in addition to an allegation regarding its place of incorporation.*" [Italics added.]

The sufficiency of an allegation *of the facts* required by statute in a petition for removal would certainly not be less than that required in a complaint originally brought here. Rule 84, F.R.Civ.P., reads:

> "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

This court regards amended Form 2 as indicating the minimum which may be regarded as "sufficient" allegation of "the facts" which must be contained in a petition for removal. Harris Trustee v. Standard Accident Insurance Co. (supra).

---

3. Stonybrook Tenants Ass'n Inc. v. Alpert (D.C.Conn.1961), 194 F.Supp. 552 (allowed amending jurisdictional amount in petition from $3,000 to $10,000 in view of ad damnum in the accompanying complaint of $400,000.); See also: Mayor and City Council of Baltimore v. Weinberg (D.C.Md.1961), 190 F.Supp. 140 (disregarding citizenship of mere nominal parties).

The rule of the Kinney case has been interpreted to allow amendments under § 1653 to cure defects of form but not of substance. Shane v. Butte Electric Ry. Co. (D.C.Mont.1906), 150 F. 801, 816; Cline v. Belt (D.C.E.D.Ky.1942), 43 F.Supp. 538; Browne v. Hartford Fire Insurance Co. (supra). Both prior to and subsequent to the Kinney case the facts upon which removal was based were required to be affirmatively set out. That an amendment will be allowed to permit the grounds for removal to be more perfectly stated is not inconsistent with this requirement. Southern Pacific Co. v. Stewart (supra); Powers v. Chesapeake & Ohio Ry., 169 U.S. 92, 101, 18 S.Ct. 264, 42 L.Ed. 673 (1897). This only means that an amendment will be allowed when there are enough facts alleged in the petition and accompanying pleadings to enable the court to determine without more that the basis for removal is present. This distinction was pointed up in the decision of Martin's Adm'r. v. Baltimore & Ohio Ry., 151 U.S. 673, 690–691, 14 S.Ct. 533, 540, 38 L.Ed. 311 (1893):

> "The incidental suggestion * * that the petition for removal might be amended in the Circuit Court [i. e. District Court] as to the form of stating the jurisdictional facts, assumes that those facts are already substantially stated therein, and accords with later decisions, by which such amendments may be allowed when, and only when, the petition as presented to the state court, shows upon its face sufficient ground for removal. Carson v. Dunham, 121 U.S. 421, 427 [7 S.Ct. 1030, 30 L.Ed. 992]; Crehore v. Ohio & Mississippi Railroad, 131 U.S. 240 [9 S. Ct. 692, 33 L.Ed. 144]; Jackson v. Allen, 132 U.S. 27 [10 S.Ct. 9, 33 L. Ed. 249]."

But where the essential facts necessary to justify removal are not alleged, either perfectly or imperfectly, then the case must be remanded. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1888); Crehore v. Ohio & Mississippi Railroad Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144 (1888); Jackson v. Allen, 132 U.S. 27, 10 S.Ct. 9, 33 L.Ed. 249 (1889); La Confiance Compagnie Anonyme D'Assurance Contre L'Incendie v. Hall, 137 U.S. 61, 11 S.Ct. 5, 34 L.Ed. 573 (1890); Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544 (1891). The necessity for an allegation of facts has been reaffirmed by the Supreme Court in Chesapeake & Ohio Ry. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544 (1913):

> "The right of removal from the state to a federal court, as is well understood, exists only in certain enumerated classes of cases. To the exercise of the right, therefore, it is essential that the case be shown to be within one of those classes, and this must be done by a verified petition setting forth, agreeably to the ordinary rules of pleading, the particular facts, not already appearing, out of which the right arises. It is not enough to allege in terms that the case is removable or belongs to one of the enumerated classes, or otherwise to rest the right upon mere legal conclusions. As in other pleadings, there must be a statement of the facts relied upon, and not otherwise appearing, in order that the court may draw the proper conclusion from all the facts and that, in the event of a removal, the opposing party may take issue, by a motion to remand, with what is alleged in the petition. Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 202 [24 L.Ed. 656]; Carson v. Dunham, 121 U.S. 421, 426 [7 S.Ct. 1030, 30 L.Ed. 992]; Crehore v. Ohio & Mississippi Railroad Co., 131 U.S. 240, 244 [9 S.Ct. 692, 33 L.Ed. 144]; Powers v. Chesapeake & Ohio Railway Co., 169 U.S. 92, 101 [18 S.Ct. 264, 42 L.Ed. 673]."

An absence of an allegation cannot be regarded as an allegation defective in form. Here the defendant does not seek to amend an allegation; it seeks to introduce one not heretofore made.

■■ "It is well settled that, if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction. Stone v. [State of] South Carolina, 117 U.S. 430, 432, 6 S.Ct. 799, 29 L. Ed. 962, 963, (1886); Carson v. Hyatt, 118 U.S. 279, 281, 6 S.Ct. 1050, 30 L.Ed. 167, 168, (1886); Marshall v. Holmes, 141 U.S. 589, 595, 12 S.Ct. 62, [35 L.Ed. 870] (1891); Burlington C. R. & N. Ry. Co. v. Dunn, 122 U.S. 513, 515, 7 S.Ct. 1262, 30 L.Ed. 1159 (1887)." Victory Cabinet Co. v. Insurance Co. of North America (7 Cir., 1950), 183 F.2d 360, 361.[4] If the facts are not sufficient in the first instance to divest the state court of jurisdiction the case cannot be treated as one which is within the province of this court and this court is without jurisdiction to entertain a motion to amend. Fife v. Whittell (C.C.N.D.Cal. 1900), 102 F. 537; Heckleman v. Yellow Cab Transit, (D.C.E.D.Ill.1942), 45 F. Supp. 984; Hill v. United Fruit Co. (D. C.S.D.Cal.1957), 149 F.Supp. 470. The amendment offered goes to show that the case might have been removed from the state court, not that in law it has ever been removed. Crehore v. Ohio & Mississippi Railroad Co. (supra) 131 U.S. at p. 245, 9 S.Ct. at p. 693; Jackson v. Allen (supra).

Since this is a recent amendment to the statute Congressional purpose may be noted. Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888). Examination of the legislative history, although not necessary for an interpretation of the amendment, reveals the underlying policy of Congress to restrict removal of cases from state to federal courts. Removability for diversity was originally granted because state courts were regarded as hostile to non-resident defendants. That concept is no longer valid, at least in this district. Citizens of Connecticut, especially those who are concerned with the administration of justice, are not affected by prejudices against "foreigners" from Alabama, Alaska, Arizona or any other state. A second purpose in revising § 1332 and § 1441 was to reduce the congestion within the federal courts. "The exclusion of cases from the federal courts brought by or against corporations having their principal place of business in the same state of which the other party was a resident would aid substantially in relieving congestion in the federal courts."[5] This conclusion is further buttressed by the statistics amassed in the report on the effect of the proposed amendments on the volume of civil cases in the federal courts.[6]

■■ The trend of judicial decision is in the same direction. "The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). The cases of Park v. Hopkins (supra) 179 F.Supp. at p. 672, followed in Fireman's Insurance Co. of Newark, N. J. v. Robbins (supra) criticize the decision in Browne v. Hartford Fire Insurance Co. (supra) as being "overly harsh". In order that a rule be "harsh" it must

---

4. By reason of § 1446(e), U.S.C.A., Title 28, as amended in 1949, the state court is "stayed from proceeding further." The purpose was to provide an automatic injunction against further state action. And see: Beleos v. Life & Casualty Insurance Co. (D.C.E.D.S.C.1956), 161 F.Supp. 627.

5. Remark of Rep. Keating Congressional Record of June 30, 1958, cited in Browne v. Hartford Fire Insurance Co. (supra) at p. 799; And see: Statement in Senate Report No. 1830, 1958 U.S.Cong. & Admin.News, Vol. 2, p. 3099, at pp. 3100–3101.

6. Statement Presented by Joseph F. Spaniol, Jr., Attorney, Division Of Procedural Studies And Statistics, Administrative Office of The United States Courts, Of The Effect Of The Change Proposed In The Bill, H.R. 2516 and H.R. 4497, On The Volume Of Civil Cases Filed In The United States District Courts Under The Federal Question And Diversity of Citizenship Jurisdiction. 1958 U.S.Cong. & Admin.News, Vol. 2, pp. 3109–3131.

work some detriment to the parties. That can hardly be the result of a mere order of remand. No legal rights are jeopardized. The net effect is merely to return the parties to the forum where the plaintiff initially elected to have his case tried. The parties still will have their full day in court. The remand is in no sense a final judgment on the merits. It is for these very reasons that a remand is not reviewable. 28 U.S.C.A. § 1447(d); Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024 (1947); Chicago, St. Paul, Minneapolis & Omaha Railway Company v. Roberts, 141 U.S. 690, 12 S.Ct. 123, 35 L.Ed. 905 (1891).

■ If the court were to allow the parties to go forward to judgment in this proceeding then the judgment might be attacked on appeal for the very reason that there was no jurisdiction. Lack of jurisdiction can never be waived or consented to. The jurisdiction of the federal court should never be presumed, since the presumption is precisely contrary. Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 (1895).

A final consideration weighing against assumption of jurisdiction is a policy, often ignored, in removal cases. This is the fact that every removed case heard in this court is in derogation of state sovereignty, since it presupposes that the state is incompetent to provide an impartial forum. Chicago Rock Island & Pacific Ry. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Thus the federal courts should be scrupulous to maintain the delicate balance between state and federal relations.

The court points out that the amendment the defendant offers would not in itself have been sufficient since it still does not allege the principal place of business of the plaintiff corporation F & L Drug Corporation.

The motion for permission to amend is denied. The case is remanded to the Superior Court for Hartford County. So ordered.