Temple Hoyne BUELL, Appellant,

v.

SEARS, ROEBUCK AND CO., a New York Corporation, Appellee.

No. 7156.

United States Court of Appeals Tenth Circuit.

July 29, 1963.

Rehearing Denied Aug. 29, 1963.

Laurence W. DeMuth, Jr., Denver, Colo. (Pauline J. Nelson, Denver, Colo., on the brief), for appellant.

Ira Rothgerber, Denver, Colo. (William P. Johnson, Denver, Colo., and Robert S. Slosky, Colorado Springs, Colo., on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

This suit to quiet title was removed from a state court to the United States District Court for the District of Colorado by reason of claimed diversity of citizenship. The appellant Buell, who was plaintiff in the lower court and who will be referred to herein as such, sued the defendant Sears, Roebuck and Co. to quiet title to a strip of land which the plaintiff originally had dedicated for street purposes. Presented here is a problem of state law concerning the effect upon title between the parties of a dedication by the owner and the subsequent vacation by the City and County of Denver of the portion of the street immediately abutting land now owned by the defendant-appellee, Sears, Roebuck and Co.

The trial court held that under the Colorado statute, C.R.S. 1953, 120–1–12, the vacated property vested in fee in the adjoining owner. Buell v. Sears, Roebuck and Co., 205 F.Supp. 865 (D.C.D. Colo.1962). It unconditionally quieted in favor of defendant and against plaintiff on defendant's counterclaim the "complete fee simple title" in and to the property in question [1] and decreed that each and every other party to the action had no right, title or interest therein.

The plaintiff on this appeal contends that the trial court erred in so doing, and in failing to award the vacated strip to plaintiff as prayed for in his complaint.

On the merits, little need be said beyond what is contained in the opinion of the lower court. That opinion illustrates the situation of the land and ably analyzes the problem of local law involved. We see no reason to repeat the details of the lower court's reasoning, with which we find ourselves in substantial agreement.

█ █ We think that the trial court correctly indicated that under Colorado law there was "vested" in the city by the original dedication the fee title to the surface and so much of the subsurface as was reasonably necessary for street and highway purposes. This was in line with the Colorado authorities exemplified by City of Leadville v. Bohn Milling Co., 37 Colo. 248, 86 P. 1038, 8 L.R.A., N.S., 422 (1906). This case involved, as the court points out, a statute almost identical with Section 139–1–7 [2] in force at

---

[1] That portion of Coloden Moor Subdivision, more particularly described as the vacated north 20 feet of First Avenue lying south of and adjoining Plot A ½, Block 69, Harmans Subdivision, and lying south of and adjoining the west one-half of the vacated alley adjacent to said plot.

[2] "139–1–7. All avenues, streets, alleys, parks and other places designated or described as for public use on the map or plat of any city or town, or of any addition made to such city or town, shall be deemed to be public property, and the fee thereof be vested in such city or town."

the time of the dedication in question. The trial court also properly held that since only a portion of the street was vacated, subdivision (2) of Section 120-1-12, C.R.S. 1953, applied.[3]

■■ The further holding that the vacation statute operated to vest in the adjoining owner not only the title which initially passed to the city and county but the complete legal title to both surface and subsurface rights is not so clearly supportable, although Skerritt Inv. Co. v. City of Englewood, 79 Colo. 645, 248 P. 6 (1926), presages such a result. In any event there is no authority from the courts of Colorado on this point to the contrary. Under such circumstances we should accept the determination of the trial court as to local law unless clearly convinced to the contrary. Dallison v. Sears, Roebuck and Co., 313 F.2d 343 (10th Cir. 1962); Mitton v. Granite State Fire Ins. Co., 196 F.2d 988 (10th Cir. 1952); F & S Construction Co. v. Berube et al., 322 F.2d 782 (10th Cir. 1963). We agree with the trial court that there are no constitutional difficulties to the construction indicated. A dedicator, even though not immediately divested of subsurface rights, is on notice at the time of dedication that if a portion of the dedicated street should be vacated by the city and county unconditional title would vest in the adjoining owner.

Before closing this opinion a jurisdictional question arising from an inspection of the face of the record must be resolved. A discussion of it has been postponed since it appears unlikely that the disposition of this case will be affected if the jurisdictional deficiency is properly met here.

The complaint, having initially been filed in a state court of general jurisdiction, naturally contains no allegation concerning the citizenship of the parties. The petition for removal filed by the corporate defendant alleges that plaintiff is a resident and citizen of Colorado and that the individual defendant (not involved in this appeal) is a resident and citizen of Illinois, and that "defendant Sears, Roebuck and Co., is a New York Corporation". No other allegation or proof concerning the citizenship of the corporate defendant is contained in the record.

■■ The policy of the statute conferring jurisdiction on district courts in diversity of citizenship cases calls for its strict construction. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L. Ed. 951 (1942). See also Becker v. Angle, 165 F.2d 140 (10th Cir. 1947). To be observant of these restrictions is not to indulge in formalism or sterile technicality but is essential to the proper exercise of limited jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

In 1958 Congress amended 28 U.S.C.A. § 1332 by adding subsection (c) (Public Law 85-554), which reads as follows:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

■ Where there is not even a general allegation of diversity of citizenship, and where it is merely alleged with respect to a defendant that it is a corporation of a particular state, diversity of citizenship is not clearly alleged; the principal place of business of the corporation, as far as the complaint indicates, may be in the same state as the alleged citizenship of the plaintiff, notwithstanding that it is a corporation of another state, i. e., organized therein.

■■ While it may be surmised, or perhaps privately known, that the defendant corporation does not maintain its

---

3. "(2) In the event that less than the entire width of a roadway is vacated, title to the vacated portion shall vest in the owners of the land abutting such vacated portion."

principal place of business in the State of Colorado, this is not such a matter as may be judicially noticed. If the court could take judicial notice of such matters there would be no necessity at all for alleging diversity of citizenship between corporate parties in Federal courts since as a general rule what may be judicially noticed need not be pleaded. If there were some suggestion in the record supporting diversity jurisdiction, we might deem the petition for removal amended to comport with the proof. Sun Printing & Pub. Ass'n v. Edwards, 194 U.S. 377, 24 S. Ct. 696, 48 L.Ed. 1027 (1904); National Farmers Union Property and Cas. Co. v. Fisher, 284 F.2d 421, (8th Cir. 1960); Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961). We can find no such record. The necessity of noticing jurisdictional defects is further illustrated by McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Thomson v. Gaskill, supra; Skelly Oil Co. v. Phillips Petroleum Co., supra. See also Molnar v. National Broadcasting Company, 231 F.2d 684 (9th Cir. 1956).

 The same rules apply to petitions for removal as to complaints both as to the necessity of affirmatively showing the foundations for jurisdiction and as to amendments to show jurisdiction in conformance with proof. Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., supra.

Because the question has not been raised by the parties and the allegations of jurisdiction to the extent defective probably can be amended to disclose that jurisdiction does in fact exist, our disposition of this case is with the proviso that if the removing defendant fails within twenty days after the filing of this opinion to file in this court an amendment to the petition for removal alleging that its principal place of busi-

ness is in a state other than Colorado, the case will be placed back upon the calendar and briefs invited on the question of jurisdiction. 28 U.S.C.A. § 1653; [4] Kern v. Standard Oil Company, 228 F.2d 699 (8th Cir. 1956); Kaufman v. Western Union Telegraph Company, 224 F.2d 723, (5th Cir. 1955); see also Niagara Fire Insurance Company v. Dyess Furniture Co., 292 F.2d 232 (5th Cir. 1961).

The judgment of the lower court is affirmed subject to the condition above indicated.

---

4. "§ 1653. Amendment of pleadings to show jurisdiction

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."