**ROYAL CREST DEVELOPMENT CORPORATION, Inc., Plaintiff,**

v.

**REPUBLIC INSURANCE CO., Defendant.**

**Civ. A. No. 63-C-1137.**

United States District Court
E. D. New York.

Nov. 22, 1963.

Sidney Sigelman, St. George, S. I., for plaintiff.

Max J. Gwertzman, New York City, for defendant.

ABRUZZO, District Judge.

Plaintiff moves for an order remanding this action to the Supreme Court of the State of New York, County of Richmond, on the ground that the action was removed improperly and without jurisdiction because of the lack of diversity of citizenship between the parties. The defendant cross-moved for leave to amend the petition for removal so as to add the allegation that the defendant's principal place of business is in the State of Texas, in the City of Dallas.

Title 28 U.S.C.A. § 1653 provides:

"§ 1653. *Amendment of pleadings to show jurisdiction*

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. June 25, 1948, c. 646, 62 Stat. 944."

The Court in McGuigan v. Roberts, 170 F.Supp. 372 (S.D.N.Y.1959), stated that this section providing that defective allegations of jurisdiction may be amended is not limited and is broad enough to encompass a petition for removal.

If the time to amend has elapsed, the petition for removal may still be amended to correct the grounds for removal as previously set forth. In Hernandez v. Watson Bros. Transportation Co., 165 F.Supp. 720 (D.C.Colo.1958), the Court permitted an amendment to correct a petition for removal where the petition originally failed to allege the state of incorporation of the corporate party. In Firemen's Ins. Co. of Newark, N. J., v. Robbins Coal Co., 288 F.2d 349 (p. 350) (C.A.5th, 1961), certiorari denied, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed. 2d 77, the Court stated:

"This Court has held that a defective allegation of diversity jurisdiction in a suit originally filed in a federal district court can be amended in the Court of Appeals. * * *

"Moreover, we think this same right should obtain with respect to a petition for removal. See Park v. Hopkins, D.C.S.D.Ind., 179 F.Supp. 671. The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment. * * *"

An amendment in this case will be permitted. The defendant alleges in its petition for removal that it was a foreign corporation duly organized under the laws of the State of Texas and that the plaintiff was a corporation existing under the laws of the State of New York and has its principal place of business there. The defendant failed to state the location of its principal place of business, to wit, Dallas, Texas. The affidavit of Walter J. Tait, the General Adjuster in New York City for the defendant corporation, dated November 6, 1963, in support of the motion to amend alleges that the principal place of business of the defendant is in the City of Dallas, in the State of Texas.

The Court having permitted an amendment to the petition for removal, as set forth above, the motion of the plaintiff becomes academic and, therefore, is denied.