**BARROW DEVELOPMENT COMPANY, Inc., Appellant,**

v.

**The FULTON INSURANCE COMPANY, Appellee.**

**No. 22791.**

United States Court of Appeals
Ninth Circuit.

Nov. 4, 1969.

Byrne, District Judge, dissented.

10. Appellant was actually enlarged on a third mandatory release on August 1, 1969.

William Erwin (argued), of Savage, Erwin & Curran, Anchorage, Alaska, for appellant.

Daniel Moore, Jr. (argued), of Delaney, Wiles, Moore & Hayes, Anchorage, Alaska, for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and * BYRNE, District Judge.

KOELSCH, Circuit Judge:

■ This is an appeal in a civil action brought in the Superior Court of the State of Alaska and removed, on the ground of the diverse citizenship of the parties (28 U.S.C. § 1332(a) (1)), to the United States District Court for the District of Alaska. Appellee—defendant below—prompted by our question concerning the sufficiency of the showing of diversity, now seeks leave to amend the removal petition (28 U.S.C. § 1446), pursuant to 28 U.S.C. § 1653 which provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate court." [1] We are firmly con-

vinced that this statute applies to removed action as well as to those initiated in United States District Courts. Hernandez v. Watson Bros. Transportation Co., 165 F.Supp. 720 (D.C.D.Colo.1958); Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961), cert. den. 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77; Royal Crest Development Corp. v. Republic Ins. Co., 225 F.Supp. 76 (E.D.N.Y.1963). However, since removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify "defective" allegations of jurisdiction previously made. Hernandez v. Watson Bros. Transportation Co., Inc., 165 F.Supp. 720 (D.C.D.Colo.1958). See also, Wright on Federal Courts, § 40 p. 123, n. 30.

The view appears to be pretty generally held by courts and text writers alike that in removed cases involving corporations a direct allegation of citizenship does not satisfy the requirement in the removal statute of a "short and plain statement of the facts" (28 U.S.C. § 1446 (a)); instead, the allegation should disclose both the state of incorporation and the location of the corporation's principal place of business. Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., Inc., 288 F.2d 349 (5th Cir. 1961); Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299 (10th Cir. 1968); Hernandez v. Watson Bros. Transportation Co., 165 F. Supp. 720 (D.C.D.Colo.1958); 1A Moore Fed.Practice 0.168, p. 1203–5, Wright, Fed.Courts § 40, p. 123. See also: Evans-Hailey Co. v. Crane Co., 207 F.

---

* Honorable William M. Byrne, Senior Judge, United States District Court, Los Angeles, California, sitting by designation.

1. Both parties are corporations. The pertinent statements in the removal petition are: "The above described action—is between citizens of different states. The plaintiff, at the time this action was commenced was and still is a citizen of the State of Alaska, and the defendant Fulton Insurance Co., petitioner herein,

at the time this action was commenced was a citizen of New York, and defendant was or is not a citizen of the State of Alaska wherein this action was brought."

The amendment would show directly that the corporations were incorporated respectively in Alaska and New York and that each had its principal place of business in the state of incorporation. Appellant does not oppose the amendment nor dispute the facts appearing in the verified exhibits appended to the formal motion.

Supp. 193 at 201 (D.C.M.D.Tenn.1962); Bradford v. Mitchell Bros. Truck Lines, 217 F.Supp. 525, 527 (D.C.N.D.Cal. 1963); Chapman v. Ozark Forest Products, Inc., 246 F.Supp. 816, 817 (D.C.W. D.Mo.1965); F & L Drug Corp. v. American Central Ins. Co., 200 F.Supp. 718 (D.C.D.Conn.1961); Yarbrough v. Blake, 212 F.Supp. 133, 137 (D.C.W.D.Ark. 1962).

■ In that respect the removal petition under consideration is clearly inadequate, for its allegations are simply that plaintiff was a citizen of Alaska and defendant of New York.

One line of decision, typified by district court cases such as Evans-Hailey Co. v. Crane Co., 207 F.Supp. 193, and F & L Drug Corp. v. American Central Ins. Co., 200 F.Supp. 718, regards such allegations as legal nullities and hence not susceptible to amendment.

The conclusion is rested upon numerous grounds, the principal one, common to most cases, being that "removal statutes are to be strictly construed against removal." Evans-Hailey Co. v. Crane Co., 207 F.Supp. 193, 198. See also: F & L Drug Corp. v. American Central Ins. Co., 200 F.Supp. 718, 723 c. Hn. 7–8).

The other line of decision, which it is interesting to note, is the one uniformly followed by appellate courts, c.c. Hendrix v. New Amsterdam Casualty Co., 390 F. 2d 299 (10th Cir. 1968), treats such allegations as defective in form but not so lacking in substance as to prevent their amendment. We believe the latter view is the correct one, for a direct allegation of a corporation's citizenship should be construed in the light of 28 U.S.C. § 1332, and when so considered the instant allegation is at worst ambiguous; nor do we believe this view violates the policy requiring strict construction of the statutes conferring diversity jurisdiction: "To be observant of these restrictions is not to indulge in formalism or sterile technicality * * *." Buell v. Sears Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963).

As well said by the 10th Circuit in the *Hendrix* case (390 F.2d at 301):

"We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case, we believe that their reasoning would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."

Our conclusion being that the allegations are merely defective, the amendment is allowed.

We turn to the merits. The appeal being one from a summary judgment; the sole issue is one of law—in this instance whether the plaintiff's claim was barred by limitations.

Plaintiff's complaint was filed January 20, 1967; the allegations are to the effect that on January 25, 1965, the defendant, who had issued to plaintiff a policy of fire insurance covering plaintiff's warehoused goods "wantonly, recklessly and negligently adjusted" the loss following a fire on December 14, 1964, which destroyed the goods. The negligence, etc. acts in substance are that the defendant failed to determine the value of the destroyed goods and refused to pay plaintiff anything for the loss.

Defendant, in due time, moved for summary judgment. Pointing out that plaintiff's suit was filed more than twenty-four months after the fire, defendant argued that the same was barred by an express limitation in the policy, which read "no suit or action on this policy for the recovery of any claim shall be sustainable * * * unless commenced within twelve months next after inception of the loss."

Resisting the motion, plaintiff made two contentions: (1) the claim was not one arising on the policy at all and hence

the limitation relied upon by defendant was wholly inapplicable; plaintiff argued that as clearly appeared from the allegations contained in the complaint, the claim sounded wholly in tort, not contract, and hence was governed by the two year limitation provided by Alaska statute, A.S. 09.10.070; that since the wrongful act, which consisted of defendant's failure and refusal on January 25, 1965, to adjust the loss, occurred within the limited period, suit was not barred; (2) in the alternative, plaintiff contended that even if the claim was one arising on the policy any limitation period was tolled by an Alaska statute.

### 1. The Type of Action.

The form of the pleading affords little aid in resolving the problem. Nor does the conclusion follow that, because the duty to settle and adjust a loss was one expressly agreed to by defendant in the policy, plaintiff's action for its breach was one sounding in contract. An act may sometimes be such as to constitute a tort as well as a breach of contract and thus afford the injured party an election between actions. "Under this rule, it has been held that accompanying every contract there is a common law duty to perform with care, skill, reasonable expedience, and faithfulness, the thing agreed to be done and the negligent failure to observe any of these conditions is a tort as well as a breach of contract. Under such circumstances, the general rule is that the plaintiff may elect which to pursue." 52 Am.Jur. Torts, § 27. *See also*: Crisci v. Security Ins. Co. of New Haven, Conn., 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967); Willey v. Alaska Packers' Ass'n, 9 F.2d 937 (D.C.N.D.Cal. S.D.1926), aff'd, 18 F.2d 8 (9th Cir. 1927).

The *Willey* case, *supra*, limits this rule to instances in which the breach results from affirmative conduct rather than a mere failure to perform the obligation, while the *Crisci* case recognizes no such distinction but regards the gravamen of the action as either tort or contract at the option of the person injured. Alaska does not appear to have passed upon this point, nor is it necessary for us to do so, for we conclude that the policy limitation applies regardless of the nature of the action.

Plaintiff cannot escape the fact that, save for the insuring contract, there would be no legal relationship between the parties and hence defendant could not be guilty of a failure to adjust. To that extent plaintiff's right to sue is governed by the terms of the policy, one of which is the express limitation provision requiring any suit to be brought "within 12 months next after the inception of the loss." Reece v. Massachusetts Fire & Marine Ins. Co., 107 Ga.App. 581, 130 S.E.2d 782 (1963). Even if the limitation began to run, not from the time of the loss, as expressly provided in the policy, but rather from the date of defendant's alleged refusal, plaintiff's suit was not timely.[2]

### 2. The Alaska Statute Did not Toll the Policy Limitation of 12 Months.

The Alaska statute relied upon by plaintiff as tolling the limitation is A.S. 09.10.240. That section provides in part that "if an action is commenced within the time prescribed and is dismissed upon the trial or upon appeal after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon the cause of action within one year after the dismissal or reversal on appeal. * * *" To invoke the above provision plaintiff showed that it had commenced in an Alaska court a previous suit on the policy well within

2. The case of Austin v. Fulton Insurance Co., 444 P.2d 536 (Alaska, 1968) provides plaintiff no comfort. As the court said "[T]here appellant does not rely upon any provision of the policies, but rather upon what ought to have been included in the policies but was not. Appellant's reliance is placed on matters outside the policies of insurance, and therefore his action against appellees is not one "on this policy" within the meaning of the limitation contained in the policies, and such twelve-month period of limitation has no application here."

the twelve month policy limitation period; that the state court had not dismissed that suit until June 13, 1967 and that the dismissal was without prejudice.

However, plaintiff's showing also disclosed that dismissal was ordered on the ground that plaintiff was delinquent in the payment of its state corporate license taxes. The Alaska Supreme Court in Alaska Mines & Minerals, Inc. v. Alaska Industrial Board, 354 P.2d 376 (1960) has squarely held that a suit filed by such a corporation does not operate to toll a statute of limitations. Noting that, by Alaska statute, a corporation may not commence and maintain any suit unless its corporation tax is paid, that court reasoned that "the attempt to commence a proceeding in court when the law provides that this may not be done, logically is the commencement of no proceeding at all. An act which is prohibited can have no legal effect merely because it is done." Alaska Mines & Minerals, Inc. v. Alaska Industrial Board, supra, 354 P.2d at p. 379 (1960).

The judgment is affirmed.

BYRNE, District Judge:

I respectfully dissent.

A defendant desiring to remove any action from a state court shall file in the District Court of the United States "a verified petition containing a short and plain statement of the facts which entitle him or them to removal" (28 U.S.C. § 1446).

This state court litigation was removed to the federal district court on a petition which did not allege *any facts* to establish diversity jurisdiction, or any other federal court jurisdiction. It merely stated the legal conclusion that the plaintiff was a citizen of Alaska and defendant was a citizen of New York. Neither the petition nor any of the other pleadings *even alleged the defendant was a corporation.* This case was tried in a federal court on pleadings which did not disclose whether the defendant was a corporation, a partnership, or some other type of association. The district court

was completely devoid of jurisdiction and should have remanded the case to the state court.

As Mr. Chief Justice Hughes stated in McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935), "The prerequisites to the exercise of jurisdiction are specifically defined * *. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. *He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing.*" (Emphasis added.)

It is interesting to note that not a single Supreme Court case is cited by the majority. The requirement that facts showing diversity of citizenship be expressly alleged has been firmly established by the Supreme Court. An early Court under John Marshall held that "an averment of jurisdiction shall be positive —that the declaration shall state expressly the facts on which the jurisdiction depends. It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averment." Brown v. Keene, 8 Pet. 110, 114, 8 L.Ed. 885 (1834); see also: Metcalf v, City of Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543 (1888); Crehore v. Ohio & Mississippi Ry. Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144 (1889); Graves v. Corbin, 132 U.S. 571, 10 S.Ct. 196, 33 L.Ed. 462 (1890); Chesapeake & Ohio Railway Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914); Chicago, Rock Island & Pac. Railway v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360 (1915); Southern Railway Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402 (1916); Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160 (1904); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1914); American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

The majority state they are "firmly convinced that (28 U.S.C. § 1653) applies to removed actions as well as to those initiated in United States District Courts". I agree. However, § 1653 provides: *"Defective allegations of jurisdiction* may be amended * * *". Here there are *no allegations of jurisdiction*, defective or otherwise, to be amended. There is a complete absence of any "statement of the facts which entitle him or them to removal", as required by § 1446. This is not a case where there was a "flaw, imperfection or blemish"[1] in allegations of fact, but a complete omission of any allegations of jurisdictional facts to establish the conclusion that The Fulton Insurance Company was a "citizen of New York," either by alleging it was a partnership or association whose individual members were citizens of New York, or alleging it was a corporation incorporated under the laws of the State of New York, with its principal place of business in that state. There is absolutely nothing to show whether it is a partnership, an association, or a corporation, nor is any fact alleged to establish the basis for federal court jurisdiction.

The majority cites a number of cases which indicate anxiety and care for litigants who have failed to properly allege facts to establish jurisdiction in the federal courts. Such cases have criticized other courts for being "overly harsh" and "too grudging with reference to the controlling statute". It is the function of courts of appeal to decide cases on the basis of the law without regard to sympathy or solicitude for the parties or fear that the law is too "harsh" or "grudging".

Since removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot now be amended to add allegations of substance. Surely allegations of substance would be required in the present case to establish federal jurisdiction, regardless of whether the purpose of the amend-ment were to show the existence of diversity jurisdiction of a partnership, an association, or a corporation.

I would remand the case to the district court and direct that court to remand it to the state court where it belongs.

---

1. Definition of "defective", Black's Law Dictionary.