**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**JUN 5 1997**

**PATRICK FISHER**
**Clerk**

STANFORD E. ANDRESS,

    Plaintiff-Appellant,

v.

DAN A. DEASY; MERRILL LYNCH,
and John Does Two and Three;
NATIONS BANK,

    Defendants-Appellees.

No. 97-1041
(D.C. No. 96-N-1372)
(D. Colo.)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Stanford Andress brought this pro se action alleging his wife had a legal right to property of her deceased ex-husband, William Deasy, that defendants interfered

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with her rights to the property, and that she had a contractual right to her deceased ex-husband's ashes. Andress contended that as a result of defendants' interference with her rights, his wife suffered severe emotional distress, which caused Andress to suffer a loss of consortium. The district court dismissed the action for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), noting that multiple alternative grounds also required dismissal of the action. We affirm.

We review de novo a dismissal for lack of subject matter jurisdiction. Olguin v. Lucero, 87 F.3d 401, 403 (10th Cir.), cert. denied 117 S. Ct. 436 (1996). Federal courts are courts of limited jurisdiction and require a statutory basis for jurisdiction. E.g., Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994), cert. denied 115 S. Ct. 1960 (1995). The plaintiff bears the burden of invoking the district court's jurisdiction.

Andress appears to claim this case involves a federal question. See 28 U.S.C. § 1331. Federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint and "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Committee, 802 F.2d 1275, 1280 (10th Cir. 1986). Andress' complaint does not identify any federal constitutional or statutory provision; no federal question is apparent on the face of the complaint; and the alleged facts do not show a claim arising under federal law. The mere allegation that a federal question is involved is insufficient. Id.

To the extent Andress alleges diversity of citizenship, we find the record insufficient to support jurisdiction. A plaintiff relying on diversity of citizenship to establish jurisdiction must satisfy the requirements of diversity for each defendant or face

dismissal.  United States v. Chuska Development, 55 F.3d 1491, 1495 (10th Cir. 1995).

To establish diversity of citizenship of a corporate defendant, the complaint must allege

the corporation's state of incorporation and its principal place of business.  28 U.S.C. §

1332.  Because Andress' complaint alleged neither, the district court did not have subject

matter jurisdiction of diversity grounds.  See Taylor v. Appleton, 30 F.3d 1365, 1367

(11th Cir. 1994); Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470-71 (10th Cir. 1963).

Moreover, while the record contains indications of Andress' residence, it contains no

allegation as to his state of citizenship.  See Whitelock v. Leatherman, 460 F.2d 507, 514

(10th Cir. 1972) (allegations of residence in complaint insufficient to show diversity of

citizenship).  Andress has failed to establish jurisdiction in federal court.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge