CHICAGO STADIUM CORPORATION,
a corporation, Plaintiff-Appellant,

v.

The STATE OF INDIANA, as Trustee,
et al., Defendants-Appellees.

No. 11285.

United States Court of Appeals,
Seventh Circuit.

April 14, 1955.

Paul T. Rochford, Indianapolis, Ind., Charles H. Watson, Leland P. Broehl, Lowell H. Jacobson, Chicago, Ill., Peabody, Westbrook, Watson & Stephenson, Chicago, Ill., Rochford & Rochford, Indianapolis, Ind., of counsel, for appellant.

Edwin K. Steers, Atty. Gen., Lloyd C. Hutchinson, Carl M. Franceschini, Deputy Attys. Gen., Indianapolis, Ind., for appellees.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff filed a complaint in replevin alleging that it was the owner of certain personal property consisting of Four High Intensity Spot Lights with Rheostats and related electrical equipment; that plaintiff was entitled to the possession of said property but alleged that the possession thereof was withheld by the defendants. The complaint alleged the value of the property to be $8,000.00.

The caption of the complaint listed the first two defendants as "State of Indiana, as Trustee" and "Indiana State Fair Board". Thereafter were listed sixteen individuals as "Members of the Indiana State Fair Board". Then three other individuals were listed as *"Ex officio* members of the Indiana State Fair Board".

Defendants moved to dismiss the complaint on several grounds. The first

was, "The Court lacks jurisdiction of the subject matter because the complaint does not allege that the matter in controversy is between citizens of different States; * * *." Second, "The Court lacks jurisdiction of the subject matter because this action is in substance and effect a suit against the sovereign State of Indiana, which has not consented to be sued in this Court; that the sovereign State of Indiana was granted immunity from suit in this Court by, under and pursuant to the Eleventh Amendment to the Constitution of the United States of America; * * *." The Court sustained defendants' motion to dismiss the complaint giving as its reason that plaintiff's action was, in fact, against the sovereign State of Indiana which had not consented to be sued, and that the Indiana State Fair Board was an instrumentality of the State. The Court further held that the individual defendants were sued in their representative capacity and not as individuals.

At the oral argument before this Court plaintiff moved to amend the caption of the complaint as follows: (1) dismiss the State of Indiana as Trustee and the Indiana State Fair Board as defendants; (2) insert in the caption of the complaint the words "individually and" after the name "Trueman Rembusch" and again after the name "Dean Harry J. Reed". The caption then would read after the names of the first sixteen individuals: "individually and as members of the Indiana State Fair Board", and after the names of the last three individuals named: "individually and as *ex officio* members of the Indiana State Fair Board."

Plaintiff also moved to amend paragraph 4 by striking same and inserting in lieu thereof: "That said property has been wrongfully and unlawfully taken and detained by defendants and each of them

(a) in violation of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 21 of the Constitution of the State of Indiana, and

(b) by acting beyond the scope of their statutory authority * * * all to the plaintiff's damage in the sum of $100,-000."

The jurisdictional allegation in the complaint is "1. That the plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Illinois; that plaintiff is a resident of the State of Illinois and is not now and never has been a resident of the State of Indiana; that the defendants and each of them are residents of the State of Indiana; and that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000.00."

■ Title 28 U.S.C. § 1332(a) gives jurisdiction to the District Court in civil matters where the amount in controversy exceeds the sum or value of $3,-000.00, exclusive of interest and costs, when said controversy is between "citizens of different States". There is no allegation in the complaint that the controversy in the case at bar is between citizens of different states. True, the complaint avers that the plaintiff is a resident of the State of Illinois and the defendants are residents of the State of Indiana, but it is well established that an allegation that the parties are a resident of a certain state or states is not sufficient. A recent case to this effect is Brooks v. Yawkey, 1 Cir., 200 F.2d 663. It was there alleged that plaintiff's decedent at the time he brought the action was a resident of Michigan and that the defendants were residents of Massachusetts. The Court held, 200 F.2d at page 664: "Clearly these are insufficient allegations of diversity of 'citizenship' necessary for federal jurisdiction under Title 28 U.S.C. § 1332(a) (1)."

■■ True, the District Judge did not base his decision on plaintiff's failure to aver that the parties were citizens of different states although the point was raised by defendants' motion to dismiss. It probably is true that, in fact, the parties are citizens of Illinois

and Indiana respectively, but a similar situation existed in Brooks v. Yawkey, supra. That court said, 200 F.2d at page 664: " * * * Nevertheless, we cannot pass over the point because federal jurisdiction cannot be assumed but must be clearly shown. * * * " A Federal Appellate Court, in a case under review, must satisfy itself not only of its own jurisdiction, but also that of the District Court. Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675. However in Brooks v. Yawkey, supra, and also in Illinois Terminal R. Co. v. Friedman, supra, the plaintiff was given permission to amend to show that the District Court had jurisdiction. We think plaintiff should be given opportunity to amend its complaint to show the District Court had jurisdiction.

Plaintiff argues that the State of Indiana and the Indiana State Fair Board were really nominal parties and the suit, in reality, is against the members of the Fair Board as individuals. Furthermore, plaintiff complains that the opinion of the District Court shows reliance upon statements made by counsel on oral argument which were not a part of the pleadings or the record.

We think this is a case that should be tried on the merits. Although plaintiff's counsel bears the responsibility for the inept allegations of the complaint and the form and contents of the caption, nevertheless, the plaintiff should have its day in court.

Title 28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Leave will, therefore, be granted for plaintiff to move in this Court to amend the complaint to show jurisdiction in the District Court upon the following terms and conditions: The motion must be filed with the Clerk of this Court within ten (10) days from the date of this opinion; and the plaintiff will pay to defendants' counsel the printing costs of appellees' brief on file herein plus $150.00 attorney's fees.

Upon compliance by plaintiff with said conditions this Court will order an amendment of the complaint to show jurisdiction in the District Court, and thereafter will remand said cause with directions that further amendments to the compaint be permitted so that the pleadings may be in proper shape to try said cause on the merits.