355 F.2d 369
 CONCESSION CONSULTANTS, INC. and Harrison Management Company, Plaintiffs-Appellants,
v.
Irving MIRISCH, David Mirisch, Harold J. Mirisch, Walter M. Mirisch, Lottie Mirisch, Florence Mirisch, Marvin E. Mirisch and Patricia Mirisch, Defendants-Respondents,
Snacks, Inc., American Univend Corporation, Bert Nathan Enterprises, Inc., Dine-O-Rama, Inc., Dine-O-Rama Operating Corporation, Emprise Corporation, Bert Nathan and Sidney Rudnick, Defendants.
 No. 207.
 Docket 29726.
 United States Court of Appeals Second Circuit.
 Argued January 6, 1966.
 Decided January 21, 1966.
 
 Jerome J. Londin, New York City, for Plaintiffs-Appellants.
 Lawrence J. Gallick, Buffalo, N. Y. (Donald S. Day, Buffalo, N. Y., Saperston, Wiltse, Duke, Day & Wilson, Buffalo, N. Y., on the brief), for Defendants-Respondents.
 Before MOORE, SMITH and ANDERSON, Circuit Judges.
 ANDERSON, Circuit Judge:
 
 
 1
 Plaintiffs, both Illinois corporations, with their principal places of business within that state, commenced the present action against six corporations (all non-residents of Illinois with their principal places of business in other states) and against ten individuals (all citizens of states other than Illinois) in the Southern District of New York. Jurisdiction was premised upon the diverse citizenship of the parties, 28 U.S.C. § 1332 (1964 ed.). The complaint set forth counts for breach of contract, and for tortious interference with business relationships.
 
 
 2
 Service was completed on the six corporate defendants and upon two of the individuals within the State of New York. The eight remaining individual defendants, all of whom have the same last names and have therefore been called the "Mirisch defendants," were served in the Southern District of California, where they reside. Service was based upon the New York "long-arm" statute, CPLR § 302; F.R.Civ.P. 4(e).
 
 By motion the district court was asked to
 
 3
 "* * * dismiss the action pursuant to Rule 12(b) of The Federal Rules of Civil Procedure, or in lieu thereof, to quash the return of the summons and complaint on the ground that the Court lacks jurisdiction over the person of the [Mirisch] defendants * * * since said defendants are residents of the State of California and on the further ground that the said defendants have not been properly served with process in this action * * * and for such other and further relief as to the Court may seem just and proper."
 
 
 4
 When the motion came on before Judge Sugarman, he sua sponte, severed the eight Mirisch defendants on the ground that venue was improper (28 U.S.C. § 1391 (1964 ed.)), and ordered the suit dismissed as to them, unless in the settle order the parties chose to have the action transferred to the district court in California (28 U.S.C. § 1404(a) (1964 ed.)).
 
 Judge Sugarman noted that the parties had
 
 5
 "* * * both briefed and argued this motion on the basis of whether under New York CPLR § 302 and F.R.Civ.P. 4(d) (7), (e) and (f) the service on the individual Mirisch defendants in California is valid. * * *";
 
 
 6
 but he did not decide that issue, because, he said, the motion, "* * * addressing itself to the jurisdiction of this court * * * first raises a question of venue, the disposition of which resolves the motion."
 
 
 7
 This appeal is based on the claim that Judge Sugarman could not raise the question of venue solely on his own motion.
 
 
 8
 In the district court the defendants-respondents attacked the legality of service made pursuant to the New York "longarm" statute. There is no mention of venue, as such, anywhere in the portion of record made by the parties. The assertion, even though true, that the Mirisches were residents of California did not specifically raise the question of venue for the district court's consideration (28 U.S.C. § 1391(a) (1964 ed.)).
 
 
 9
 In this case, however, it is not necessary for us to decide whether a district judge may never under any circumstances raise the issue of improper venue sua sponte, because in this case the Mirisch defendants waived their objection to venue. The standards of 28 U.S.C. § 1391 (1964 ed.) are "not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants, and, as such may be waived by them." Olberding v. Illinois Cent. R. Co., 346 U.S. 338, at 340, 74 S.Ct. 83, at 85, 98 L.Ed. 39 (1953); 1 Moore, Federal Practice ¶0.140 [1.-1], at 1317; id. at ¶0.146[6], at 1912-13; F.R.Civ.P. 12(h). Indeed, F.R.Civ.P. 12 (h) states that an objection to improper venue must be made by motion, or if no motion is made, by the answer or reply.[1] If it is not so raised, any objection to venue is waived.[2]
 
 
 10
 Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue.[3] It is clear that the facts of this case furnish no justification whatever for such action by the court. Cf., Wagner v. Fawcett Publications Inc., 307 F.2d 409 (7th Cir. 1962).[4] The Mirisch defendants waived any possible objection.
 
 
 11
 The order appealed from is reversed and vacated; and the cause is accordingly remanded to Judge Sugarman for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 "Unlike the matter of jurisdiction venue was (and remains) a privilege personal to each defendant, which can be waived, and is waived by him unless timely objection is interposed." 1 Moore, Federal Practice ¶0.146[6], at 1911 (2d ed. 1964)
 
 
 [2]
 Section 1406(b), 28 U.S.C. (1964 ed.), provides that:
 "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."
 
 
 [3]
 Section 1406(a), 28 U.S.C. (1964 ed.), does not suggest a contrary result. That section merely sought to provide an alternate to the harshness of dismissal which was the only course a court could take when a proper objection to venue was made. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, at 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); id., 288 F.2d 579, 583 (2d Cir. 1960); S.Rep. No. 303, 81st Cong., 1st Sess. (1949). Once a proper objection to venue is made by a party, § 1406(a) allows the district judge to "dismiss, or if it be in the interest of justice, transfer such case" to a proper venue. And where the motion asks only that the suit be dismissed, the court may properly,sua sponte, order it transferred. Schiller v. Mit-Clip Co., Inc., 180 F.2d 654 (2d Cir. 1950). See 1 Moore, Federal Practice ¶0.146[5] (2d ed. 1964).
 
 
 [4]
 In Wagner v. Fawcett Publications the defendant moved to dismiss on the merits, but failed to raise the affirmative defense of the statute of limitations. On appeal it was held that since the defense was waivable, the district court had erred in raising itsua sponte.