**Herbert Marshall TAYLOR, Plaintiff,**

v.

**Stanley C. DuROSE, Jr., the Prudential Insurance Company of America, the Capital Times Company, Defendants.**

**No. 67–C–68.**

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

Herbert Marshall Taylor, pro se.

Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for Prudential Ins. Co.

La Follette, Sinykin, Anderson, Davis & Abrahamson, Madison, Wis., for Capital Times.

Bronson C. La Follette, Atty. Gen., John E. Armstrong, Asst. Atty. Gen., Madison, Wis., for Stanley C. DuRose, Jr., defendant.

MYRON L. GORDON, District Judge.

### ORDER

Appearing pro se, the plaintiff has filed a complaint against the three defendants alleging that they conspired to prevent him from earning his living by selling insurance. Each of the defendants has submitted an answer in which various affirmative defenses, including the lack of jurisdiction, are asserted.

On September 15, 1967, the court set up a briefing schedule requesting all the parties to submit memoranda relative to the affirmative defenses presented in the answers to the complaint.

On October 31, 1967, the court addressed a letter to the plaintiff reminding him of the briefing schedule and of his right to submit legal authority in regard to the affirmative defenses raised in the defendants' answers.

Although there are a number of affirmative defenses offered in the answers of each defendant, the court considers that the want of federal jurisdiction is apparent on the face of the pleadings and that this flaw is dispositive of the case. The complaint contains no allegations whatsoever as to citizenship. The plaintiff would appear to be a citizen of the state of Wisconsin, as is the defendant DuRose. In addition, the Capital Times Company would appear to be a Wisconsin corporation.

There is an absence of complete diversity, and the pleadings do not show any other basis for jurisdiction as called for in rule 8(a) of the Federal Rules of Civil Procedure. Rhodes v. Houston, D.

C., 202 F.Supp. 624, 629, aff. 309 F.2d 959 (8 Cir. 1962).

The absence of complete diversity under the circumstances in this case requires the court to hold that it is without jurisdiction. City of Indianapolis et al. v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941); Gibbons v. Dexter Horton Trust & Savings Bank, 9 Cir., 225 F. 424.

Accordingly, it is ordered that the plaintiff's complaint be dismissed for want of jurisdiction in this court.