**QUALITY BEVERAGE COMPANY, Inc., a Wisconsin corporation, d/b/a Sun Drop Cola Bottling Company, Plaintiff,**

**v.**

**SUN–DROP SALES CORPORATION OF AMERICA, a Missouri corporation, Defendant.**

**No. 68–C–41.**

United States District Court
E. D. Wisconsin.

Aug. 8, 1968.

Charne, Tehan & Taitelman, Milwaukee, Wis., Burton A. Strnad, Milwaukee, Wis., of counsel, for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for defendant.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the complaint in which the plaintiff seeks damages resulting from an alleged breach of contract. The complaint alleges that the parties entered into a "Bottler's License Agreement" on or about July 22, 1965 whereby the defendant, as licensor, was to grant to the plaintiff the exclusive right to bottle and distribute "Sun Drop and/or Golden Girl Cola" under the defendant's trademarks in Wisconsin. The complaint alleges that despite compliance by the plaintiff, the defendant attempted to cancel the agreement on or about April 13, 1967, and that it subsequently failed to perform its obligations under the agreement.

The defendant contends that there exists no constitutionally permissible basis for this court's assertion of jurisdiction over the defendant. The plaintiff maintains that jurisdiction is grounded primarily upon subsection (5) (c) of Wis. Stat. § 262.05 (1965).

For the purpose of determining the jurisdiction question, the following facts are deemed undisputed: (1) the defendant is a foreign corporation, not licensed to do business in Wisconsin; (2) the defendant maintains no offices, employees, real or personal property, or telephone listings in Wisconsin; and (3) the contract which is the subject matter of this action was executed in Missouri.

The license agreement provides for a number of continuing functions on the part of the defendant within Wisconsin. For example, the agreement provides for the inspection of the plaintiff's bottling plant by the defendant's field representatives.

In addition to the contracts contemplated in the agreement, numerous actual contacts on the part of the defendant within Wisconsin are apparent from the record. In answer to the plaintiff's interrogatories, the defendant's president, C. E. Lazier, stated

that the defendant's field representatives made routine calls on franchise bottlers "8 or 9 times a year", but that in the case of the plaintiff, "it was necessary to make additional calls in view of having plaintiff amend his ways and act in good faith as to his Sun Drop agreement."

The uncontradicted affidavit of Harold K. Visser, president of the plaintiff, states that he attended a Sun Drop Cola regional advertising meeting at Milwaukee on January 12, 1967, which was conducted by officials and agents of the defendant; that on several occasions, an agent of the defendant would come to the plaintiff's place of business in Wisconsin to discuss various advertising programs; that one of several advertising agreements was presented to the affiant in Wisconsin and signed by him in Wisconsin; and that subsequent to the signing of that agreement, representatives of the defendant would personally call on Mr. Visser in Wisconsin and "sell him specific advertising material that would tie in with such advertising agreement * * * and * * * would call on Mr. Visser * * * in Manitowoc, Wisconsin, not less than every two months."

Mr. Visser also states in his affidavit that a representative of the defendant came to the plaintiff's place of business in Wisconsin to discuss matters pertaining to the likelihood of a national trucker's strike and to seek orders for concentrate so that the plaintiff would be well supplied in the event of such a strike; that the representative made many telephone calls to solicit orders for concentrate from distributors both within and without Wisconsin; and that negotiations were conducted in Wisconsin with reference to the plaintiff's acquiring additional franchises in this state.

■ Notwithstanding the defendant's contention that it falls within none of the provisions of the Wisconsin "long-arm statute", the court is of the opinion that a sufficient showing has been made to establish that the defendant is subject to jurisdiction within Wisconsin by virtue of Wis.Stat. § 262.05(5) (c) (1965). That section provides as follows:

> "A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 262.06 under any of the following circumstances:
> " * * *
> "(5) Local services, goods or contracts. In any action which:
> " * * *
> "(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; * * *"

In Flambeau Plastics Corporation v. King Bee Mfg. Co., 24 Wis.2d 459, 129 N.W.2d 237, 241 (1964), the court quotes the following with approval:

> "In summary actions arising out of isolated bargaining transactions have been regarded as supporting the exercise of personal jurisdiction in numerous situations where the transactions involved, or contemplated, some substantial contact with the forum state. Among the contacts thought sufficient are: agreements under which either party promised to perform services in the forum; agreements either to take delivery in the state of goods from the plaintiff, or to deliver goods to the plaintiff in the state; and agreements under which the plaintiff took delivery of goods f.o.b. the defendant's place of business outside the state, but under circumstances in which the defendant had reason to know the plaintiff would use or consume the goods in the forum state."

■ In my opinion, the agreement in the case at bar contemplates a substantial number of contacts within the state of Wisconsin. The application of the Wisconsin statute to the situation at bar does not run afoul of the due process

clause of the 14th amendment. Wisconsin Metal & Chemical Corp. v. De Zurik, 222 F.Supp. 119 (E.D.Wis.1963).

The defendant has also objected to jurisdiction by pointing to an alleged insufficiency in the manner of service of process; this claim is grounded primarily upon the alleged lack of personal jurisdiction. The court's determination with respect to the jurisdictional issue necessarily disposes of this objection. See Wis.Stat. § 262.06.

The defendant has also moved to dismiss for failure to state a claim upon which relief can be granted, claiming that the plaintiff has failed to allege the grounds upon which jurisdiction is based as required by rule 8(a), Federal Rules of Civil Procedure. In my opinion, the plaintiff has complied with rule 8(a). The complaint does not expressly state that jurisdiction is grounded on diversity of citizenship, but all of the facts from which that conclusion can readily be drawn are adequately stated in the complaint. Arndt v. Bank of America, 48 F.Supp. 961 (N.D.Cal. 1943).

The defendant's motion to dismiss also asserts "improper venue". This is based on the theory that if this court lacks personal jurisdiction over the defendant, it is also wanting in venue. In its reply brief, for the first time, the defendant has attempted to raise the issue of forum non conveniens. 28 U.S.C. § 1404(a) provides that a civil action may be transferred for the convenience of the parties and witnesses, in the interest of justice, to any other district court where the action might have been brought. In my opinion, the defendant has not adequately supported its demands for a change of venue; the court is unable to weigh the inconveniences of trying the action in this district in the absence of a factual showing.

Upon the foregoing, it is ordered that the defendant's motion to dismiss the complaint be and hereby is denied.