Adam FARKAS, Plaintiff,

v.

TEXAS INSTRUMENTS, INC., Ling-
Temco-Vought, Inc., Defendants.

Civ. A. No. 67–369.

United States District Court,
D. Massachusetts.

Dec. 31, 1969.

James J. Twohig, Boston, Mass., for plaintiff.

Lane McGovern, Ropes & Gray, Boston, Mass., for Texas Instruments, Inc.

Harold Lavien, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Ling-Temco-Vought, Inc.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

Plaintiff, a resident of Rhode Island, brings this action against Texas Instruments, Inc. (Instruments), and Ling-Temco-Vought, Inc.,[1] both Delaware corporations alleged to be doing business in Massachusetts, in which he seeks damages. There are no allegations in the complaint of any particular jurisdictional basis for the action, and thus there is no compliance with Fed.R.Civ.P. 8(a) (1). The action was brought against Instruments in this district presumably as "the residence of such corporation for venue purposes". 28 U.S.C. § 1391(c). Instruments has moved to quash the service of the summons issued in the case and served upon the Secretary of the Commonwealth (Secretary) pursuant to Fed.R.Civ.P. 4(d) (3). Instruments contends the Secretary was not an "agent authorized by appointment or by law to receive service of

process" on its behalf as Rule 4(d) (3) requires. In its motion to dismiss Instruments raises substantially the same issue, asserting that (a) Instruments had not appointed the Secretary to receive service of the process, (b) Instruments is not doing and has not done business within the Commonwealth at all material times herein, and (c) the causes of action alleged in the complaint did not arise in or out of business done in the Commonwealth. Instruments also moves to dismiss the action on the ground the complaint fails to state a claim upon which relief can be granted, but this additional ground will not be considered in view of the disposition of the motion on the jurisdictional ground. These motions were heard by the court pursuant to Fed.R.Civ.P. 12(d) on the statements of counsel together with the affidavits of plaintiff and of Bryan F. Smith, senior vice president and secretary of Instruments, and certificates of the Secretary of the Commonwealth. This memorandum contains the findings and rulings of the court.

Instruments was not registered under Mass.Gen.Laws, ch. 181, to do business in the Commonwealth when the process was served on the Secretary. It was last qualified on January 11, 1961 when it filed with the Secretary an affidavit of withdrawal of the right to do business in Massachusetts. It has never registered here since that date, and it has not appointed the Secretary under Mass.Gen.Laws, ch. 181, § 3 its agent to receive service of process against it. Thus service on the Secretary of the summons could not be effective under Rule 4(d) (7) to bring Instruments within the jurisdiction of this court unless plaintiff can show Instruments is doing business in Massachusetts within the meaning of Mass.Gen.Laws, ch. 181,

§ 3A, or other applicable provisions of law.

It is not clear from the complaint, but it was made clear during oral argument by counsel for plaintiff that the wrongs alleged by plaintiff occurred in Texas, and none of them arose in Massachusetts. This is a significant fact in testing the efficacy of the service under section 3A.[2] That statute by its express terms applies only "in relation to any cause of action or proceeding arising out of such business". The courts of Massachusetts have considered this to mean limited to business arising within the Commonwealth. Remington Arms Co. Inc. v. Lechmere Tire & Sales Co., 339 Mass. 131, 136, 158 N.E.2d 134 (1959). Trojan Engineering Corp. v. Green Mountain Power Corp., 293 Mass. 377, 382, 200 N.E. 117 (1936). It follows from these cases, and from Caso v. Lafayette Radio Electronics Corporation, 370 F.2d 707, 711 n.5 (1st Cir.1966), that plaintiff's reliance on service of the process under section 3A is unavailing.

■■ But it is argued by plaintiff that Instruments as a foreign corporation is amenable to service of process under the provisions of Mass.Gen. Laws, ch. 223, § 38,[3] the terms of which contain no express limiting factors such as appear in section 3A. Under section 38, service may be made on the Secretary, in the manner provided in section 37, if no officer or agent can be found in the Commonwealth. Without deciding the question, it will be assumed for the purpose of testing the ap-plicability of section 38 that the manner of the service made here on the Secretary is effective as service authorized by section 38. See Fed.R.Civ.P. 4(d) (7). See also Mass. Acts of 1962, ch. 750, §§ 55, 56, 57, 58 and 71.

The question posed by plaintiff is the applicability of section 38 in the circumstances of the case. The court of appeals in this circuit in Caso v. Lafayette Radio Electronics Corporation, supra, pointed out the test it would apply in an action against a foreign corporation having limited business activity in Massachusetts (712):

[T]he Massachusetts courts would assert jurisdiction over a foreign corporation served under section 38: (a) whenever the corporation's activities affect the commerce of Massachusetts substantially so that the state has an interest in regulating the general conduct of those activities ("doing business"), or (b) whenever the corporation's activities in Massachusetts have so affected the particular transaction at issue that it is appropriate to hear the claim in a Massachusetts court. * * *

It is apparent here from the admitted fact none of the alleged wrongs occurred in Massachuetts that plaintiff's complaints have not been shown to have even remote contact with any of the corporation's activities within the Commonwealth. (It will later appear this is true also of Instruments' subsidiary.) Thus the condition stated in "(b)" is absent here. As to condition "(a)", the facts

---

2. Mass.Gen.Laws, ch. 181, § 3A, in the aspects pertinent here, provides:

Any such corporation which does business in this commonwealth without complying with the provisions of section three * * * shall * * * be deemed and held, in relation to any cause of action or proceeding arising out of such business, to have appointed the secretary * * * to be its true and lawful attorney, and any process in any such action or proceeding against it served upon the secretary * * *

shall be of the same legal force and validity as if served on such corporation.

3. Mass.Gen.Laws, ch. 223, § 38 provides, in pertinent part:

In an action against a foreign corporation * * * engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with [section 37] relative to service on domestic corporations in general, instead of * * * under section three or three A of chapter one hundred eighty-one.

of Instruments' business activities are as follows. Instruments maintains a small office in Waltham as a headquarters for nine salesmen who solicit orders in Massachusetts and the other New England states for electronic devices manufactured by Instruments, none of whom accept any orders taken, and none are authorized to do so. The orders are mailed to Instruments' Dallas, Texas headquarters for acceptance or refusal. Invoices are made in Dallas, and mailed from there to the customers, and all remittances are sent by customers to Dallas. The six secretaries at Waltham type and file correspondence and other records relating to the orders taken by the salesmen. No shipping of merchandise, no collections and no deliveries are made to or from or handled in Waltham. Except for petty cash not exceeding $300, the automobiles of the salesmen, and the furniture in the office at Waltham, Instruments owns no property in Massachusetts. Instruments' subsidiary, Texas Instruments Supply Company, is a Texas corporation doing business in Canton, Massachusetts, registered to do business here as a foreign corporation, but not authorized to receive service of process for Instruments. Its business is that of industrial distributor, purchasing industrial products from various manufacturers, including Instruments, and selling to customers in Massachusetts and the other New England states. It carries on its own business and does not engage in Instruments' business. There is no showing that plaintiff's complaints had any contact with the business or management policies of Texas Instruments Supply Company. Moreover, there is no showing that the subsidiary *does not* carry out policies and business procedures entirely independent of Instruments, or that Instruments' personnel is associated with the subsidiary. There is no evidence of the dollar volume of sales made by Instruments to its subsidiary, and no evidence of the fractional part of the subsidiary's purchases supplied by Instruments.

The court finds that Texas Instruments Supply Company is not the agent and is not the alter ego of Instruments in Massachusetts, that it is not subject to Instruments' control in the State, and has not been shown to make any significant contribution to the business activities of Instruments in the Commonwealth. *See* Aro Manufacturing Co. v. Automobile Body Research Corp., 352 F.2d 400 (1st Cir.1965), cert. denied, 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed. 2d 210 (1966). Taking into consideration the relations shown to exist in Massachusetts between Instruments and its subsidiary, together with all other activities of Instruments in the Commonwealth, the court finds that Instruments' impact on the commerce of the State is certainly no more marked, and apparently a good deal less so, than that of the defendant in *Caso.* Following the teaching of *Caso,* the court finds "no strong federal interest in taking jurisdiction here where it is not clear that [Massachusetts] would * * *." Caso v. Lafayette Radio Electronics Corporation, *supra* 370 F.2d at 713. The court holds, therefore, there is want of personal jurisdiction over Instruments by service of process under section 38.

■ The court does not have personal jurisdiction over Instruments as a foreign corporation on any ground advanced by plaintiff. Nothing has appeared in the proceedings warranting the conclusion that to satisfy notions of fair play it is in the interest of justice to transfer the case against Instruments to another district. 28 U.S.C. § 1406(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Concession Consultants, Inc. v. Mirisch, 355 F.2d 369 (2d Cir.1966); *cf.* Meench v. Raymond Corp., 283 F.Supp. 68 (E.D.Pa.1968). Accordingly, Instruments' motion to quash the service is hereby allowed, and the case against it is hereby dismissed.