Geraldine GORMAN, Jean Conners, Herbert M. Ahlgren, Sr., Alphone F. King, Ronald Herbert, Doris Despines, Harold Herbert, and Atlas Herbert, Plaintiffs,

v.

Allan KING, Defendant.

Abraham MARTIN, Plaintiff,

v.

HANSEN SEAWAY SERVICE, LTD., a foreign corporation, and Continental Casualty Co., a foreign corporation, Defendants.

Beatrice WILSON, Plaintiff,

v.

GREYHOUND LINES, INC., a foreign corporation, Defendant.

Nos. 70–C–145, 70–C–173, 70–C–226.

United States District Court,
E. D. Wisconsin.

May 15, 1970.

Eisenberg, Kletzke & Eisenberg, Milwaukee, Wis., for plaintiff.

Bridges & Collins, by E. Nickolas Bridges, Negaunee, Mich., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The same attorneys have appeared for the plaintiffs in each of the above-named three cases. In each case, the complaint on its face lacks a sufficient allegation of grounds to give the court subject matter jurisdiction. In this opinion, the court will determine whether to dismiss these cases on its own motion, without prejudice, for lack of jurisdiction.

Gorman et al. v. King, No. 70–C–145, involves many of the same parties

and the same cause of action involved in Gorman et al. v. King, No. 70–C–42 (E.D. Wis. February 26, 1970). In the earlier case, the plaintiffs alleged the residence, but not the citizenship, of the parties. The case also appeared to lack the requisite diversity of citizenship.

Although in the earlier case, the court by letter invited the plaintiffs' attorneys to file a corrective amendment or notify the court why the case should not be dismissed, the plaintiffs failed to respond within the time limit set in the court's letter. Accordingly, the court dismissed that case (No. 70–C–42) for lack of subject matter jurisdiction.

In the present case, No. 70–C–145, the plaintiffs have alleged the "permanent mailing address" of the parties, but they have again failed to allege their state citizenship. On April 1, 1970, the defendants filed a motion to dismiss, alleging a lack of subject matter jurisdiction. On the same day, the court wrote to plaintiffs' attorneys, in part as follows:

"Allegations of the location of the parties' permanent mailing addresses do not appear to comply with the requirements set forth in [Chicago Stadium Corporation v. State of Indiana, 220 F.2d 797, 798 (7th Cir. 1955)], and the court deems itself bound by the direction of such case.

"If this apparent defect in jurisdiction cannot be rectified by amendment of the complaint, please notify the court by April 23, 1970 why this case should not be dismissed upon the court's own motion for lack of jurisdiction."

On April 14, the plaintiffs filed an amended complaint which still fails to allege the state citizenship of all of the parties. Count I of the amended complaint states in relevant part:

" * * * that the above named Plaintiff, RONALD HERBERT, is a citizen of the United States with a permanent mailing address at Rural Route 1, Box 612, Eagle River, State of Wisconsin. * * * "

Nevertheless, this amended complaint does contain an allegation of the state citizenship of most of the parties to the action. In view of this attempted compliance with the court's letter of April 1, 1970, I believe that the better exercise of discretion is not to dismiss the complaint for lack of jurisdiction at this time. Instead, the plaintiffs shall have until May 28, 1970 to file a second amended complaint in No. 70–C–145 which corrects the still defective jurisdictional allegation.

In addition, it now appears appropriate to permit a response to the other grounds for dismissal raised in the defendant's motion filed on April 1. The defendants may have until June 4, 1970 to submit a memorandum in support of their motion. The plaintiffs may have until June 18, 1970 to file an answering brief. The defendant may have until June 25, 1970 to submit a reply. All briefs shall be served upon opposing counsel. No oral argument is contemplated by the court.

Martin v. Hansen Seaway, No. 70–C–173, is a third action filed by the same attorneys who filed the two Gorman actions. Here, again, the complaint fails to allege sufficient grounds for subject matter jurisdiction.

On April 2, 1970, the court wrote to the plaintiff's attorneys, in part as follows:

"In the present case, paragraph I of the complaint fails to allege the plaintiff's state of citizenship, the state of incorporation of the defendant Hansen Seaway Service, Ltd., and the principal place of business of both defendants.

"It may be that these defects can be remedied by amendment of the complaint. If not, please notify the court by April 30, 1970 why the case should not be dismissed on the court's own motion."

On April 18, 1970, the plaintiff's attorneys wrote to inform the court that they

have decided to terminate the action in federal court and to file it in a Wisconsin circuit court in Milwaukee. Their letter concluded:

"Accordingly, we have no objection to this case being dismissed without prejudice."

There has been no appearance as yet by the defendants. Accordingly, this case will be dismissed on the court's own motion, without prejudice, for lack of jurisdiction.

On April 24, 1970, the attorneys who represented the plaintiffs in the previous three actions filed Beatrice Wilson v. Greyhound lines, Inc., No. 70–C–226. As in the three previous cases, the complaint in this case fails to allege proper grounds for subject matter jurisdiction. Lacking are allegations of the state citizenship of the plaintiff, the state of incorporation of the corporate defendant, and the latter's principal place of business.

The pleading of jurisdiction under 28 U.S.C. § 1332 is not a complicated matter. Because a federal district court is a court of limited jurisdiction, pleading grounds for jurisdiction is essential. In Stewart v. United States, 199 F.2d 517, 520 (7th Cir. 1952), the court said:

"It is a universal rule * * * that a party who invokes the jurisdiction of a federal court must allege all facts necessary to give the court jurisdiction of the subject matter."

See also Taylor v. Du Rose, 277 F.Supp. 398 (E.D.Wis.1967).

Form 2(a) of the Federal Rules of Civil Procedure illustrates a simple allegation of diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff must allege the requisite diversity. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806). In Metropolis Theatre Co. v. Barkhausen, 170 F.2d 481, 484 (7th Cir. 1948), the court observed:

"Under section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1) [now § 1332], the federal court does not have jurisdiction unless all parties on one side of the controversy are of a citizenship diverse to all those on the other side."

In alleging the citizenship of the individual parties, it is not sufficient to allege the permanent mailing address or residence of the parties. In Chicago Stadium Corporation v. State of Indiana, 220 F.2d 797, 798 (7th Cir. 1955), the court observed:

"True, the complaint avers that the plaintiff is a resident of the State of Illinois and the defendants are residents of the State of Indiana, but it is well established that an allegation that the parties are a resident of a certain state or states is not sufficient."

In alleging the citizenship of corporate parties, § 1332(c) provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business". While Form 2 (a), Federal Rules of Civil Procedure, does not require plaintiffs to allege the principal place of business of corporate defendants in all cases, it does not excuse a plaintiff from alleging the other requisites of subject matter jurisdiction. See 5 Wright and Miller, Federal Practice and Procedure, § 1208.

In Beatrice Wilson v. Greyhound Lines, Inc., No. 70–C–226, the plaintiffs have failed to allege any of the requisites of subject matter jurisdiction. The complaint fails to allege the citizenship of the plaintiff, the place of incorporation of the corporate defendant, or that the principal place of business of the corporate defendant is not in Wisconsin. There has as yet been no appearance by the defendants in No. 70–C–226. The plaintiffs therefore still have the right to amend their complaint to remedy this error. I will not at this time dismiss the action.

Now, therefore, it is ordered that case No. 70–C–145 shall be deemed dismissed unless the plaintiffs file a corrective amendment by May 28, 1970.

It is further ordered that in the event the plaintiffs file a sufficient corrective amendment in case No. 70–C–145, the parties may have until the times set in this decision to file briefs in connection with the other grounds cited in the defendant's motion to dismiss filed on April 1, 1970.

Pursuant to Rule 12(h) (3), Federal Rules of Civil Procedure, it is further ordered that the complaint in case No. 70–C–173 be and hereby is dismissed, without prejudice, for lack of jurisdiction.

It is further ordered that unless a corrective amendment is filed in case No. 70–C–226 within the time permitted by Rule 15(a), Federal Rules of Civil Procedure, such case shall be deemed dismissed upon the court's own motion, without prejudice, for lack of jurisdiction.