**Theodore MICLAU, Sr., Plaintiff,**

v.

**Theodore MICLAU, Jr. and Albina Miclau, Defendants.**

**Civ. No. 428–72.**

United States District Court,
D. Puerto Rico.

Nov. 10, 1972.

González & Rodríguez, Old San Juan, for plaintiff.

Benicio Sánchez Castaño and Benicio Sánchez Rivera, San Juan, P. R., for defendant Albina Miclau.

## ORDER

TOLEDO, District Judge.

On May 9, 1972, plaintiff herein filed a complaint to recover monies and interests allegedly owed on a past due promissory note. Defendants answered the complaint on June 12, 1972, and on the same day, filed a motion for security of costs and attorneys fees, upon its assertion that the plaintiff is a citizen and resident of Cleveland, Ohio.

Rule 8(a)(1) of the Federal Rules of Civil Procedure, Title 28, United States Code, provides in part, the following:

"(a) A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement on the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) * * *".

This jurisdictional pleading is a sine qua non requisite and failure to comply with it, will result in a dismissal of the complaint. Stewart v. United States, C. A. (7 Cir. 1952), 199 F.2d 517; Farkas v. Texas Instruments, Inc. (D.C.Mass. 1969), 50 F.R.D. 484; Gordon v. National Broadcasting Co. (D.C.N.Y.1968), 287 F.Supp. 452; Taylor v. Du Rose (D.C. Wis.1967), 277 F.Supp. 398; Pargament v. Fitzgerald (D.C.N.Y.1967), 272 F.Supp. 553. The Court of Appeals for the Fourth Circuit, speaking on this subject in the case of Bowman v. White, 388 F.2d 756 (1968), said at page 760:

" * * * The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress. The burden is on the party asserting the jurisdiction of the court to show

that jurisdiction does, in fact, exist. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935). Furthermore, the complaint must state on its face the grounds for its jurisdiction. Gold Washing and Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656 (1887). These rules are applicable to diversity as well as to the 'Federal question' jurisdiction of the District Courts. * * *''.

■ It is the general law that the federal courts are courts of limited jurisdiction, possessing only the power that Congress has expressly conferred upon them by statute. Bowman, supra; Pennsylvania Association for Retarded Children v. Commonwealth of Pennsylvania (D.C.Pa.1972), 343 F.Supp. 279; Plum Tree, Inc. v. Seligson (D.C.Pa. 1972), 342 F.Supp. 1084. It follows, therefore, that a party who invokes a federal district court jurisdiction for the first time, must clearly show that his action is within the court's jurisdiction. Jones v. Freeman (8 Cir. 1968), 400 F. 2d 383; Voracheck v. United States (8 Cir. 1964), 337 F.2d 797; Patton v. Baltimore & O. R. Co. (3 Cir. 1952), 197 F. 2d 732, 743; Quality Beverage Co. v. Sun-Drop Sales Corp. of America (D.C. Wis.1968), 291 F.Supp. 92; Gordon v. National Broadcasting Co., supra, 2–A Moore's Federal Practice, Section 8.-07(1), page 1639.

■ The failure on the part of a plaintiff filing suit in a United States District Court to comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure showing affirmatively the existence of whatever is essential to jurisdiction, is sufficient for the court, on discovering such a defect, to dismiss the case, unless it is cured by amendment. Brown Brothers Equipment Co. v. State of Michigan (D.C.Mich.1967), 266 F.

Supp. 506, and cases cited therein. See also Wright & Miller, Federal Practice & Procedure, Section 1214, Page 106. It is the opinion of this Court that this is so, even in a case wherein the adverse party has failed to file a motion to dismiss the complaint for failure to comply with Rule 8(a)(1) of said Rules.

■ In the case herein counsel for the plaintiff has filed an insufficient complaint. The complaint herein lacks the most basic element required to litigate in the federal courts; that is, the assertion of the jurisdictional grounds upon which this court can exercise its limited jurisdiction. There is no allegation in the present complaint which constitutes an assertion of this court's jurisdiction under the diversity of citizenship statute. The plaintiff's recital of the contents of the promissory note in its complaint is, in our opinion, insufficient to satisfy the requirement of Rule 8(a)(1). Defendants' subsequent answer to the complaint and motion for security of costs and attorneys fees in our opinion, does not validate plaintiff's lack of jurisdictional pleadings for the question of this Court's jurisdiction must be determined from the face of the complaint. Patton v. Baltimore & O. R. Co., supra; Amalgamated Ass'n, etc. v. Southern Bus Line (5 Cir. 1951), 189 F.2d 219; Fountain v. New Orleans Public Service, Inc. (D.C.La.1967), 265 F.Supp. 630; Central Stikstof Verkoopkantoor v. Pensacola Port Authority (D.C.Fla.1962), 205 F.Supp. 724.

Wherefore, the Court, sua sponte, hereby orders that plaintiff's complaint be and the same is hereby dismissed, without prejudice upon their part to file an amended complaint within the next thirty (30) days, pleading the jurisdiction of this Court as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

It is so ordered.