872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen B. DAVIS; William C. Mueller, Plaintiffs-Appellants,
v.
Ronald REAGAN; United States Congress; Supreme Court of
the United States; United States Senate; Pennsylvania
Judiciary Committee; Pennsylvania Department of
Corrections; Pennsylvania State Correctional Institute at
Pittsburgh; Albert Casey; G.R. O'Grady; Leroy S.
Zummerman; Francis R. Filipi; Pennsylvania Attorney
General; U.S. Department of Justice; J. Alan Johnson; Wm.
Bradford Reynolds; George McNemar; Stanley S. Harris;
Toby Alawsky; Deborah A. Robinson; Administrative Office
of Pennsylvania Courts; George H. Revercomb; Gerald Weber;
Alan N. Bloch; Barron P. McCune; Thomas N. O'Neil; John
B. Hannum; John P. Fullam; John Gibbons; Carol Los
Mansmann; Robert C. Mitchell; Ila Jeanne Sensenicy;
Robert Nix; Johnson, Judge; Cercone, Judge; Hester,
Judge; Ralph J. Cappy; Nathan Schwartz; Judicial Inquiry
and Review Board; Telecommunications, Inc.; Robert
Magness; Betsy Magness; Palmer, Judge, Defendants-Appellees.
 No. 88-6419.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Alan B. Davis and William C. Mueller move for counsel, and for the United States Attorney to recuse himself, and appeal from the district court's order dismissing their 42 U.S.C. Sec. 1983 civil rights action for improper venue. Davis and Mueller, who are Pennsylvania state prisoners, brought suit in the Middle District of Tennessee against numerous Pennsylvania state and federal officials. They claimed that they were denied the equal protection of the law when the federal government created isolated districts in order to engage in organized crime, denied Davis and Mueller equal protection by creating general rules under which state and federal government officials could operate with impunity by subjecting citizens to brutal beatings, maimings, assaults, and murder in order to force them to sign unlawful instruments of powers of attorney to Pennsylvania and federal officials, that state and federal officials are arbitrarily and maliciously preventing Mueller from receiving his mail while in prison, and that state and federal officials are engaging in underground political racketeering by taking inmates' money for their personal use. Davis and Mueller requested monetary damages and injunctive relief.
 
 
 3
 The district court sua sponte dismissed the action for improper venue before service of the complaint on the defendants. The court reasoned that, since the defendants reside in different judicial districts, proper venue for the action was within the Western District of Pennsylvania, where the claims arose.
 
 
 4
 Upon consideration, we conclude that the district court did not abuse its discretion in sua sponte dismissing the complaint for improper venue. The right to attack venue is personal to the parties and waivable at will. Thus, a district judge should not, absent extraordinary circumstances, impose his choice of forum upon the parties by deciding that there was a lack of proper venue and dismiss a case sua sponte for improper venue. See Concession Consultants, Inc. v. Mirisch, 355 F.2d 369 (2d Cir.1966). The facts of this case, however, justify the district court's dismissal. Although the district court judge should have given Davis and Mueller notice that he was considering dismissing the case for improper venue, appellants had the opportunity to point out any basis for venue in their motion for reconsideration. In addition, dismissal was proper because the case has no connection with Tennessee. The cause of action arose in Pennsylvania, and most of the defendants reside there or in Washington, D.C. Furthermore, Davis and Mueller state in their complaint that they have brought several similar actions in various districts, and they are abusing the judicial system by bringing repetitive suits. If they have any legitimate claims, the federal courts in Pennsylvania can surely provide a remedy.
 
 
 5
 Accordingly, the motions for counsel and for the United States Attorney to recuse himself are denied, and the district court's order dismissing the case for improper venue is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.