**Rodney F. STICH, Plaintiff–Appellant,**

v.

**William REHNQUIST; Antonin Scalia; Sandra O'Connor; Anthony Kennedy; Thurgood Marshall; William Brennan; John Stevens; Byron White; Henry Blackmun; U.S. of America; Richard Thornburgh; Charles Duck; Edward Jellen, Robert Jones, Judges; Anthony Sousa, U.S. Trustee, Defendants–Appellees.**

**No. 411, Docket 92–6146.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 11, 1992.

Decided Dec. 31, 1992.

Rodney F. Stich, Alamo, CA, plaintiff-appellant pro se.

Otto G. Obermaier, U.S. Atty., S.D. New York, New York City (Linda A. Riffkin, Sp. Asst. U.S. Atty., Gabriel W. Gorenstein, Asst. U.S. Atty., of counsel), for defendants-appellees.

**PER CURIAM:**

Plaintiff Rodney F. Stich appeals from an order of the United States District Court for the Southern District of New York, Mary Johnson Lowe, *Judge*, dismissing his complaint *sua sponte* on the ground of improper venue. The lengthy complaint named as defendants Justices of the United States Supreme Court, a former United States Attorney General, bankruptcy judges in the Ninth Circuit, and others, and alleged a conspiracy dating back to 1963 to, *inter alia*, prevent enforcement of air safety laws and to exploit Stich's marital difficulties in order to deprive him of his property. The complaint's allegations are similar to those made in several cases brought by Stich in the Ninth Circuit, where he has been classified as a vexatious litigant and barred from instituting new suits without leave of the court. *See, e.g., Stich v. Patel,* No. C–86–0384 SC (N.D.Cal. June 6, 1986).

In the present action, in an Order dated March 28, 1992, the district court observed that

[n]either the activities nor the parties alleged in this complaint have any relation to this district. According to plaintiff's complaint, plaintiff "is domiciled in the State of Nevada and also resides in the State of California." ∴. In addition, the Complaint alleges that all defendants are residents of the District of Columbia. All discernable factual allegations of the Complaint involve events that occurred in California.

Accordingly, the court dismissed the complaint *sua sponte* for improper venue, pursuant to 28 U.S.C. §§ 1391 and 1402 (1988).

In *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369 (2d Cir.1966), we suggested that a district court should not dismiss for improper venue on its own motion except in extraordinary circumstances. *See id.* at 371. We conclude that venue was improper for the reasons stated in the district court's Order, and that the case presented appropriate circumstances for the court's exercise of its power to dismiss on that ground *sua sponte*.

## CONCLUSION

We have considered all of Stich's arguments on this appeal and have found them to be without merit. The judgment of the district court is affirmed.

Costs to defendants. No sanctions.