101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Sharon CHAVIS, Plaintiff-Appellant,
v.
A-1 LIMOUSINE; Home State Insurance; Agency Rent-A-Car,
Defendants-Appellees.
 No. 95-9238.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 APPEARING FOR APPELLANT: Sharon Chavis, pro se, Staten Island, NY.
 APPEARING FOR APPELLEE: Steven R. Sundheim, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, New York, NY.
 S.D.N.Y.
 VACATED.
 
 
 1
 Before MESKILL, MINER, Circuit Judges, and LASKER,* District Judge.
 
 
 2
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 
 
 3
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is VACATED, and the case is REMANDED for further proceedings.
 
 
 4
 This cause came on to be heard on the transcript of record and was argued.
 
 
 5
 Plaintiff-appellant Sharon Chavis appeals pro se from a judgment entered in the United States District Court for the Southern District of New York (Griesa, C.J.) dismissing her action sua sponte for improper venue.
 
 
 6
 Chavis, a New York citizen, commenced a diversity action against defendants-appellees A-1 Limousine, Home State Insurance Company, and Agency Rent-A-Car.[1] A-1 Limousine and Home State Insurance are New Jersey Corporations, and Agency Rent-A-Car is an Ohio Corporation with a place of business in New Jersey. Chavis claimed that, on July 12, 1993, while driving an automobile rented from Agency Rent-A-Car, she was involved in an auto accident in New Jersey. Chavis alleged that the accident was caused by the negligent conduct of an employee of A-1 Limousine. She maintained that A-1 Limousine and Home State Insurance Company, A-1 Limousine's liability insurance carrier, harassed her following the accident. In addition, Chavis claimed that Agency Rent-A-Car failed to pay certain benefits to which she was entitled as a result of the accident.
 
 
 7
 On November 9, 1995, the district court granted Chavis' request for leave to proceed in forma pauperis and dismissed the action sua sponte for improper venue. Judgment was entered on the same day. This appeal followed.
 
 
 8
 Chavis argues that the district court erred by dismissing her action sua sponte for improper venue. Chavis claims that the Southern District is proper because the venue statute allows for venue in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3).
 
 
 9
 We have held that a district court, in the absence of "extraordinary circumstances," should not raise sua sponte the issue of improper venue. Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir.1966). Because the record does not indicate any extraordinary circumstances, we think that the district court erred in dismissing this case sua sponte for improper venue. Cf. Stich v. Rehnquist, 982 F.2d 88 (2d Cir.1992).
 
 
 10
 Furthermore, the district court was mistaken in its reason that it gave for dismissing Chavis' action, instead of transferring it to the proper venue. According to Title 28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision whether to dismiss or transfer lies within the sound discretion of the district court. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993).
 
 
 11
 In the present case, the district court determined that dismissal rather than transfer was appropriate because "the facts underlying plaintiff's instant complaint have already been presented to a New Jersey Municipal Court." The district court further stated that, "[i]f plaintiff is dissatisfied with the outcome of the state court action, she may appeal that decision to the Appellate Courts of New Jersey. Filing a new suit in this federal court is not appropriate." (Citation omitted).
 
 
 12
 However, the record indicates, and the defendants concede, that the New Jersey Municipal Court proceeding was a criminal prosecution of the A-1 Limousine driver, who allegedly collided with Chavis' car. Because the district court's determination that the interest of justice did not favor a transfer was based solely on a mistaken understanding, the district court should have the opportunity to reexamine its decision.
 
 
 13
 Accordingly, we vacate the judgment of the district court and remand the case for further proceedings consistent with the foregoing, without prejudice to a motion by the defendants to move for a change of venue or dismissal on the ground of improper venue.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 By letter dated April 17, 1996, Chavis advised the court of her wish to withdraw her appeal as to Agency Rent-A-Car