10-1977-pr
Gardner v. McArdle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
LEE H. ROSENTHAL,
*District Judge.*[*]

---

PHILLIP JEROME GARDNER,

*Plaintiff-Appellant*,

-v.-                                    10-1977-pr

SERGEANT MCARDLE, DETECTIVE KRISTOFFSEN, DETECTIVE JIMENEZ, POLICE OFFICER ZOROVIC, POLICE OFFICER COSTALES, all of the 77th Precinct in Kings County,

*Defendants-Appellees.*[**]

---

[*] The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

[**] The Clerk of Court is respectfully instructed to amend the caption as set forth above.

FOR APPELLANT: James W.B. Benkard, Andrew Ditchfield, Davis Polk & Wardwell LLP, New York, NY.***

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and the case be **REMANDED** with directions to grant leave to amend the complaint.

Plaintiff-Appellant Phillip Gardner appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*), dismissing his *pro se*, *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983. The district court dismissed Gardner's complaint *sua sponte* on the basis that the complaint failed to plead proper venue and failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e) *de novo*. *Giano v. Goord*,

***

*** Corporation Counsel of New York has chosen not to appear as counsel for Defendants-Appellees in this appeal because the district court dismissed the case before any defendant was ever served.

2

250 F.3d 146, 149-50 (2d Cir. 2001). We agree with the district court that Gardner's complaint fails to state a cognizable claim if it is construed to assert a failure to provide *Miranda* warnings and false arrest. Accordingly, dismissal of the case would normally be proper. However, "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted).

Having conducted an independent review of the record, we conclude that the district court should have afforded Gardner an opportunity to amend his complaint to replead a due process claim stemming from a *Miranda* violation. "A *Miranda* violation that amounts to actual coercion based on outrageous government misconduct is a deprivation of a constitutional right that can be the basis for a § 1983 suit even when a confession is not used against the declarant in any fashion." *Deshawn E. v. Safir*, 156 F.3d 340, 348 (2d Cir. 1998) (citations omitted).

In our view, a liberal reading of the complaint does give an indication that Gardner might state a valid claim that his due process rights were violated on the basis that police coercion led to inculpatory statements.  Indeed, Gardner's complaint alleges that while he was in custody for approximately fourteen hours, he was (1) placed in a line-up; (2) forced to make written and videotaped statements; and (3) told that he could not place a phone call until he made a written statement—all without receiving *Miranda* warnings.  Moreover, the mention of Gardner's use of mental health medication alludes to the possibility that he suffered from mental health issues.  Finally, the affidavit[1] attached to Gardner's complaint specifically contends that his Fourteenth Amendment right to due process was infringed and discusses that Gardner was suffering from mental health problems at the time of the incident.  Thus, Gardner's complaint, construed liberally, alleges more than a simple *Miranda* violation and suggests that an amended complaint would succeed in stating a claim.  *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

---

[1] The affidavit was previously submitted in New York state court in support of Gardner's motion to vacate his conviction pursuant to New York Criminal Procedure § 440.10.

4

We recognize that an amended complaint brought by Gardner faces several difficulties, to say the least. Among others, the circumstances of Gardner's interrogation may have not been "so coercive as to amount to a constitutional violation." *Deshawn E.*, 156 F.3d at 348. In addition, the doctrine of collateral estoppel may bar relitigation of Gardner's claim as it appears that the claim may have been previously adjudicated in state court. *See Allen v. McCurry*, 449 U.S. 90, 103-04 (1980). Despite these challenges to Gardner's Section 1983 action, we cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez*, 171 F.3d at 796. Accordingly, Gardner should be permitted to amend his complaint.

Finally, the district court erred in dismissing Gardner's complaint *sua sponte* for improper venue because there were no extraordinary circumstances to justify such a dismissal. *See Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966); *see also Stich v. Rehnquist*, 982 F.2d 88, 88-89 (2d Cir. 1992). Neither the complaint's insufficient venue allegations nor failure to state a cognizable claim constitute the type of extraordinary circumstances that warrant a *sua sponte* dismissal. *See Gomez*, 171 F.3d at 795-96.

For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to permit Gardner to amend his complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk